John T. Morgan (USB #3839)
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
Washington Federal Bank Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
Telephone:     (801) 524-5734
Facsimile:     (801) 524-5628
Email: John.T.Morgan@usdoj.gov

Attorney for Acting United States Trustee, Gregory M. Garvin

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO**

| | |
|---|---|
| In re: | Case No. 19-40782 JDP |
| **JONATHON PEIRSOL**, | Chapter 11 |
| Debtor. | |

**UNITED STATES TRUSTEE'S
OBJECTION TO DEBTOR'S PROPOSED DISCLOSURE STATEMENT
(Docket No. 42)**

Gregory M. Garvin, the acting United States Trustee for Region 18, by and through his attorney John T. Morgan, files this objection to the Debtor Jonathon Peirsol's (hereinafter "Debtor") proposed Disclosure Statement dated December 20, 2019, ("Disclosure Statement"), "as not containing adequate information", as that term is defined in 11 U.S.C. §1125(a). *See Duff v. United States Trustee (In re California Fidelity, Inc.)*, 198 B.R. 567, 571 (9th Cir. BAP 1996) ("The purpose of a disclosure statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan."). "The determination of what is adequate information is subjective and made on a case by case basis [and] is largely within the discretion of the bankruptcy court." *Computer Task Grp., Inc. v.*

*Brotby (In re Brotby)*, 303 B.R. 177, 193 (9th Cir. BAP 2003). In particular, the Disclosure Statement is deficient or lacks material information as follows:

I. **HISTORICAL CIRCUMSTANCES LEADING TO FILING INADEQUATE**

The introduction to the Disclosure Statement, at page 1, states that the debtor is trying to rebuild his life after a "small business failure", but the General History Section (page 4) does not provide sufficient details of this "failure" to give any context to creditors. Parties do not know the name, the dates of operation of the business, or the nature of the failure. The Debtor describes ongoing litigation and collection efforts by the trustee of a previously owned company. Specific information about the company, the amount of claims resulting from its failure, and the origin of and financial condition of the debtor's new company, JBP Enterprises, is necessary for the court and creditors to be fully advised as to the debtor's prospects, specific income projections and the ultimate feasibility of the proposed Plan going forward. This information should also include a discussion of the Debtor's other past and/or current business ventures, particularly his interest in and income from Club Charleys. This background information is materially significant in assessing the feasibility of the debtor's Plan. The Disclosure Statement should be amended to provide this information.

II. **DEFAULT PROVISIONS NOT SET FORTH AND EFFECT OF CONVERSION UNCLEAR**

The Disclosure Statements fails to clearly and specifically define how and when creditors would be able to determine when a default has occurred. Also, it is not clear from either the Plan or the Disclosure Statement that property of the estate vests in a Chapter 7 estate if the case is converted.

The Disclosure Statement should be amended to address rights and remedies of creditors upon default or failure to make the required Plan payments.  The Disclosure Statement should also be amended to provide clarity concerning what property vests in the Chapter 7 estate if the case is converted so that a Chapter 7 trustee's duties would not be impeded.

**III.    THE DISCLOSURE STATEMENT AND PLAN CONTAIN SEVERAL TYPOGRAPHICAL, GRAMATICAL AND CONTEXTUAL ERRORS WHICH CREATES AMBIGUITY AND CONFUSION TO CREDITORS**

The Disclosure Statement and Plan contain several errors which require correction, addition or deletion including but not limited to the following:

A. Typos are evident on pages 6 - discussion on contesting claims, page 9 -second paragraph, and page 10 – second and final paragraphs. In addition, the Plan (Docket 42-2, Exhibit B) has several errors on page 6 – paragraph (E), and paragraph 3 (B).

B. The Disclosure Statement and Plan contain information that is unnecessary, irrelevant, sometimes incomplete, sometimes excessive or oft times contradictory and therefore, confusing to creditors. For example:

   1) the Disclosure Statement at page 6 regarding executory contracts and leases states "The Debtor has the interest as listed in the accompanying plan", but the Plan at page 7 – Article V says unless specifically assumed (none are), all leases are rejected.  None are ever identified. These provisions are confusing and unnecessary;

   2) The Disclosure Statement on page 6 states that "there are no preferences or fraudulent conveyances that Debtor is aware of, yet on pages 8 and 9 the

3

    Debtor states that holders of unsecured claims have "the opportunity for further recovery from preferences or adversaries";

3) The Plan (docket 42-2, Exhibit B) contains several improper or unnecessary classes which have no members (see classes PC3, PC4, and PC5), or are not entitled to vote (See class PC2). Finally, the Plan creates 2 classes of unsecured claims ((UC1 and UC2) with no apparent reason or justification for dividing the class into two groups.

4) Exhibit F to the proposed Disclosure Statement is the Debtor's 2018 93-page tax return. There appears to be no reason to includes such a lengthy exhibit without any reference to any particular section or numerical data from the return, and no other discussion in the Disclosure Statement or Plan concerning how the information in the return bears on any issue relevant to confirmation. To the extent the Debtor believes specific information is relevant and necessary to confirmation, a summary of that specific information would be far more helpful to creditors and the Court.

5) The Plan does not classify all secured claims filed in the case, and there is no indication that the unclassified claims are in any way disputed. Therefore, if payments are made on these claims, the plan becomes even less feasible See for example claims 14 and 15 filed by Hyundai Capital America. In addition, there is as least one substantial unsecured claim listed as undisputed in the Debtor's Schedule 106 to Wells Fargo Home Mortgage of $332,188 which is not currently accounted for.

6) It will be very difficult, if not impossible to weigh feasibility in this case without a monthly and annual budget of ongoing expenses and projected plan payments. For example, the proposed return to unsecured creditors may be totally illusory depending on how long it takes to pay the administrative costs to Debtor's counsel.

7) The Debtor's description of the treatment of unsecured creditors, best interest of creditors test, and liquidation analysis on pages 8 and 9 is inadequate and incomplete.  The discussion of "Net Difference" is hard to follow and makes no sense. Instead of stating the Debtor's beliefs and feelings, the Debtor should provide a detailed combined balance sheet/liquidation analysis presentation of all assets and liabilities. The information should be sufficiently detailed to allow reasonable comparison with the Schedules and the Monthly Operating Reports.  A detailed, yet concise, presentation will assist evaluation of the Reorganization Plan and comparable liquidation under Chapter 7.

## IV.     ADMINISTRATIVE EXPENSE IMPACTS ON PLAN UNCLEAR

The Disclosure Statement appears to estimate that attorney fees for Debtor's counsel are approximately $25,000.  The Disclosure of Compensation of Attorney for Debtor filed in this case, at Docket No. 24, indicates that Debtors' counsel was paid $4500 prior to the filing, and to "See Fee Agreement" for what the total fee will be. However, no Fee Agreement is attached.  It appears that future payment of an unspecified amount is to be made in monthly installments of $500.00.  It appears that the administrative expense claim for attorney's fees will require between 41 and 50 months to pay after confirmation. The Disclosure Statement should be

amended to clarify this confusion. The anticipated delay in payment of unsecured claims should also be addressed in the amended Disclosure Statement.

### V. POST-PETITION FINANCIAL PERFORMANCE NOT SUFFICIENT

The Plan relies on the financial ability of the Debtor. The Disclosure Statement provides copies of some of the Monthly Operating Reports but does not provide an accessible and meaningful summary of post-petition financial performance of the Debtor. The Disclosure Statement should be amended to provide this information.

### VI. POST-CONFIRMATION PROJECTIONS NOT SUFFICIENT

The Debtor indicates that he believes he will generate sufficient income to fund the plan. The Disclosure Statement should be amended to provide a budget that includes income, ongoing expenses and payments required to be made under the Plan. More detail concerning the basis of these assertions will provide Creditors with a better understanding of the feasibility of the proposed Plan.

### VII. PAYMENT OF UNSECURED CLAIMS AND TERM OF PLAN CONFUSING

The specific timeframes in which Plan performance is to occur are confusing. Page 8 of the Disclosure Statement indicates that general unsecured claims will be paid approximately 3% of their allowed claims over a five-year distribution. The payments under the Plan are to be $500.00 per month for 5 years for a total of $30,000.00. However, since payments would only begin after satisfaction of all priority creditors (projected in the Disclosure Statement at $25,000.00 to be paid at the rate of $500.00 per month), could leave unsecured creditors waiting for more than four years for their first payment. The Disclosure Statement should be amended to clarify and clearly set forth what the Plan commitments are.

6

In addition, the Disclosure Statement indicates that if a monthly payment is missed the Plan term will be extended by the same amount. The Disclosure Statement should be amended to inform unsecured creditors that the Plan term is open ended and that any failure to provide payments to unsecured creditors will not constitute in a default under the Plan.

WHERFORE, the United States Trustee requests that the Court require the Debtor to amend the Disclosure Statement to meet the foregoing objections, and for such other relief as the Court may deem appropriate.

DATED: February 13, 2020

Respectfully submitted,

_____/s/_____

John T. Morgan
Attorney for Gregory M. Garvin
Acting United States Trustee

## CERTIFICATE OF MAILING

      I DO HEREBY CERTIFY that, on February 13, 2020, I caused a true and correct copy of the foregoing **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S PROPOSED DISCLOSURE STATEMENT (Docket No. 42)** to be electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF systems, as noted below:

- Lesley Bohleber      ecfidb@aldridgepite.com, llueke@ecf.courtdrive.com
- John T Morgan      john.t.morgan@usdoj.gov
- Jason Ronald Naess      jason@pmt.org
- Aaron J Tolson      ajt@aaronjtolsonlaw.com
- US Trustee      ustp.region18.bs.ecf@usdoj.gov

      Further, I certify that I caused copies of the **OBJECTION** to be forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

Jonathon Peirsol
466 Vista
Pocatello, ID 83201

Phillip Quayle
PO Box 103
Parker, ID 83438

Aaron J Tolson
Tolson & Wayment, PLLC
2677 E 17th Street
Suite 300
Ammon, ID 83406

                                          /s/
                                      John T. Morgan