David W. Newman, ISBN 8251
Assistant United States Trustee
John T. Morgan, USBN 3839
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| In re: | Case No. 19-40782-JDP |
|---|---|
| JONATHAN PEIRSOL, | Chapter 11 |
| Debtor. | |

ACTING UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE OR TO DISMISS

The Acting United States Trustee for Region 18 ("United States Trustee"), hereby moves to convert this case to Chapter 7 or, in the alternative, dismiss this case pursuant to 11 U.S.C. § 1112(b) for the reasons set forth below. If this motion is contested and an evidentiary hearing is required, the United States Trustee intends to call witnesses and present evidence.

1. Jonathan Peirsol formerly owned J & J Chemical. In January 2018, J & J Chemical, Inc. filed a Chapter 11 petition in the District of Idaho (Case no. 17-40037, hereinafter the "prior case"). Mr. Peirsol signed J & J Chemical's chapter 11 petition as its authorized representative. J & J Chemical was in the business of supplying janitorial chemicals and supplies and sold and serviced commercial dishwashing equipment.

2. The United States Trustee filed a motion to convert the prior case or appoint a chapter 11 trustee. (*Id*. dkt. 39) It alleged that Mr. Peirsol was not fit to carry out the duties of a debtor-in-possession and committed acts of dishonesty and gross mismanagement as to J & J Chemical Company such as:

A. On March 1, 2017, Mr. Peirsol plead guilty to one count of aiding and abetting the preparation of a false individual income tax return in violation of 26 U.S.C. § 7206(2), a felony, in case number 17-cr-00019-BLW pending in the United States District Court for the District of Idaho. According to the plea agreement filed with the District Court, Mr. Peirsol had prepared tax returns since about 2007, prepared at least 1,100 individual tax returns for clients, and prepared false tax returns by adding false itemized deductions without the knowledge or consent of his clients. It further states that for some of the tax returns he prepared, Mr. Peirsol diverted a portion of the tax refund into a bank account he controlled without his client's knowledge or consent, and he failed to report fees he collected for preparing the tax returns. Mr. Peirsol and the Government recommended that Mr. Peirsol be sentenced to 12 months and one day of custody and pay $62,441 in restitution to the I.R.S. If Mr. Peirsol were incarcerated, he intended to leave Kerri Caster ostensibly in charge of J & J Chemical. It appeared Ms. Caster lacked sufficient experience and skill to independently manage J & J Chemical's business and, as an employee, she would remain subject to Mr. Peirsol's directions and instructions.

B. Mr. Peirsol used J & J Chemical's assets to pay his personal mortgage obligation and make a down payment to purchase a car for himself.

2

    C. Mr. Peirsol caused J & J Chemical to pay pre-petition debts in violation of the Bankruptcy Code.

    D. Mr. Peirsol caused J & J Chemical to maintain funds in a non-debtor-in-possession account.

    E. Mr. Peirsol used J & J Chemical's corporate funds to pay his personal settlement with the Idaho Attorney General's office.

    F. Mr. Peirsol failed to withhold or pay employee withholding taxes.

3. On June 12, 2017, following a two-day evidentiary hearing in the prior case, the Court granted the United States Trustee's motion and ordered the United States Trustee to appoint a chapter 11 trustee. (*Id*. dkts. 91, 82, 84)

4. In 2017, Mr. Peirsol served a federal prison sentence for tax fraud.

5. On June 6, 2018, the Chapter 11 Plan Administrator for the reorganized J & J Chemical filed an adversary complaint against Mr. Peirsol. (Bankr. D. Idaho, case no. 18-08024) On March 8, 2019, the Court entered a default judgment against Mr. Peirsol. (*Id*. at dkt. 33) The default judgment includes a finding that Mr. Peirsol made fraudulent transfers from J& J Chemical such as $277,761 transferred for his personal use, $40,031 transferred to accounts owned by Mr. Peirsol or his family, and other fraudulent transfers. (*Id*.)

6. On August 16, 2019, Mr. Peirsol filed a voluntary chapter 11 petition in the above-captioned case. He has been a salaried employee of JBP Enterprises, a janitorial supply company in southeastern Idaho owned by the Mr. Peirsol's son.

3

7. Mr. Peirsol is a debtor-in-possession and, as such, has essentially the same powers and duties as a trustee. 11 U.S.C. §§ 1106 & 1107.

8. 11 U.S.C. § 1112(b)(1) provides that if the movant establishes cause, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate . . . unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." Section 1112(b)(2) states that the "court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that - (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) - (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court." 11 U.S.C. § 1112(b)(4) sets forth a non-exclusive list of what constitutes cause for dismissal. *See In re Jayo*, 2006 WL 2433451, *5-6 (Bankr. D. Idaho 2006). The facts set forth below constitute cause to convert this case to chapter 7.[1]

---

[1] The United States Trustee reserves the right to assert any cause for conversion or dismissal which may exist at the time of the hearing on this motion.

4

A. A careful examination of the seven Monthly Operating Reports filed to date in the case demonstrates that the Mr. Peirsol has not been engaged in a good faith or diligent effort to reorganize, but rather, has maintained high expenses, and generated no reserves to fund a plan. As a result, the balance in the Mr. Peirsol's bank account at the end of March is essentially the same amount he started with back in August 2019. His March Monthly Operating Report indicates he had a balance of only $3,634.88. (Dkt. 77 at 3) Mr. Peirsol has incurred approximately $25,000 in administrative expenses (legal fees) to his counsel which he proposes to pay before returning anything to general unsecured creditors. Mr. Peirsol's current projections and plan indicate that any return to unsecured creditors will be delayed for approximately four years. Mr. Peirsol's latest amendments to Schedule J, which should have reduced monthly expenses by $600 instead increased overall expenses by $1,032 without adequate explanation, resulting in a net decrease of $432 per month available to pay to creditors.

B. There is a continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A); *see Rand v. Porsche Financial Services, Inc. (In re Rand)*, 2010 WL 6259960 (9th Cir. BAP 2010) (unpublished opinion). The purpose of this section is to "preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." *Id*. at *4, (*quoting Loop Corp. v. U.S. Trustee*, 379 F.3d 511, 516 (8th Cir. 2004), *quoting In re Lizeric Realty Corp.*, 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995)). "The issue of rehabilitation for

5

purposes of § 1112(b)(4)(A) "is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re Rand*, 2010 WL 6259960 *4 (*quoting In re Wallace*, 2010 WL 378351 *4 (Bankr. D. Idaho 2010) (*quoting In re LG Motors, Inc.,* 422 B.R. 110, 116 (Bankr. N.D.Ill. 2009), *quoting In re Rey, Nos. 04–B–35040, 04–B–22548, 06–B–4487*, 2006 WL 2457435, at *6 (Bankr. N.D.Ill. 2006)).

   i. This case has been pending for nearly nine months. Normally, some latitude would be given when circumstances such as the disruption caused by the Covid-19 pandemic occur. Given Mr. Peirsol's history, as outlined above, his ability to faithfully carry out the duties of a debtor-in-possession are lacking. This militates in favor of taking action now rather than waiting. Further, he had ample opportunity to confirm a plan before the Covid-19 pandemic began affecting him.

   ii. Any attempt to confirm a plan and successfully make all plan payments in order to obtain a discharge appears futile.

   iii. Mr. Peirsol is trying to retain his interest in real estate while his creditors have been delayed by his current bankruptcy case and J & J Chemical's bankruptcy case. At the April 14, 2020, hearing on the adequacy of Mr. Peirsol Third Amended Disclosure Statement, his counsel indicated that Mr. Peirsol's earning capacity has been severely impacted by the COVID-19 pandemic situation, but that Mr. Peirsol is hopeful his employment prospects and

> earning potential will soon return to normal. "Club Charley's", the bar where Mr. Peirsol is employed and maintains an ATM, is completely shut down as a result of the pandemic. The operations of JDP Enterprises, the cleaning business ostensibly owned by Mr. Peirsol's son, have been seriously cut back. The March 2020, Monthly Operating Report indicates a decline in the Mr. Peirsol's monthly income, and according to his counsel, the April 2020 numbers will undoubtedly be worse.
>
> C. Mr. Peirsol has caused unreasonable delay to his creditors. This case has been pending for nearly nine months, but no disclosure statement has been approved and no plan has been confirmed causing unreasonable delay to the creditors. As debtor-in-possession, Mr. Peirsol has a duty to, "as soon as practicable," file a plan, file a report of why he will not file a plan, or recommend conversion or dismissal of the case. 11 U.S.C. §§ 1106(a)(5); 1107(a). In the event this case is not dismissed or converted, the Court should exercise its powers under 11 U.S.C. § 105(d) to set deadlines for Mr. Peirsol to obtain approval of a disclosure statement and set a deadline by which Mr. Peirsol shall solicit acceptances of, and obtain confirmation of, a plan.

9. The United States Trustee is informed and believes, based thereon, there are no unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate and there are no reasonable justifications or explanations for Mr. Peirsol's acts and performance alleged above. Consequently, 11 U.S.C. § 1112(b)(1)

mandates dismissal or conversion, whichever is in the best interests of the creditors and the estate.

10. Mr. Peirsol is not a farmer, nor a corporation that is not a moneyed business or a commercial corporation. Mr. Peirsol may be a debtor under chapter 7. 11 U.S.C. § 1112(c).[2]

11. When determining whether to dismiss or convert a case, "the court must consider the interests of all creditors." *Shulkin Hutton, Inc. v. Treiger* (*In re Owens*), 552 F.3d 958, 961 (9th Cir. 2009).[3] "While a debtor may voluntarily choose to place himself in bankruptcy, he does not enjoy the same discretion to withdraw his case once it has been commenced." *Leach v. United States* (*In re Leach*), 130 B.R. 855, 857 (9th Cir. BAP 1991) (*quoting In re Klein*, 39 B.R. 530, 532 (Bankr. E.D.N.Y. 1984)).

---

[2] 11 U.S.C. § 101(20) defines a farmer as a person that receives more than 80 percent of his gross income during the taxable year immediately preceding the taxable year during which this bankruptcy case was commenced   The income must be from a farming operation as defined by 11 U.S.C. § 101(21).  Debtor bears the burden of showing he is a farmer for purposes of section 1112(c).  See *In re Jayo*, 2006 WL 2433451, *9.

[3] "Courts have looked to multiple factors to determine which action is in the best interest of the creditors and the estate. Collier identifies ten such factors: (1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal; (2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted; (3) Whether the debtor would simply file a further case upon dismissal; (4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors; (5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise; (6) Whether any remaining issues would be better resolved outside the bankruptcy forum; (7) Whether the estate consists of a "single asset"; (8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests; (9) Whether a plan has been confirmed and whether any property remains in the estate to be administered; (10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns." *Rand v. Porsche Financial Services, Inc.* (*In re Rand*), 2010 WL 6259960, *10, fn. 14 (9th Cir. BAP 2010) (*citing 7 Collier on Bankruptcy* ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)).

12. Conversion is in the best interest of the creditors and the bankruptcy estate in this case for at least the following reasons.

    A. Mr. Peirsol's latest proposed Disclosure Statement (docket #59) indicates he has has pre-petition Secured Debt of $345,252.43, Priority debt of $25,913.52, and general unsecured debt of $898,752.90. His March 2020 Monthly Operating Report indicates he has $3,640.23 on deposit in debtor-in-possession accounts.

    B. It appears the bankruptcy estate includes assets which a chapter 7 trustee could liquidate and pay claims. Mr. Peirsol's original schedules indicate that the bankruptcy estate includes real property in Pocatello and Blackfoot with combined equity of about $220,000. (Bankr. D. Idaho, case no. 19-40782, dkt. 1 at 16, 27, 28)

    C. Conversion will avoid prejudicing creditors by promoting the marshalling of assets, avoid piecemeal payments to creditors, and prevent Mr. Peirsol from obstructing creditors after he has enjoyed the benefits of the automatic stay for nearly nine months.

13. Where dismissal may prejudice interested parties, conversion rather than dismissal may be appropriate. *See Leach*., 130 B.R. at 858 (affirming the bankruptcy court's refusal to allow debtor to dismiss case where prejudice would have resulted to debtor's creditors); see also *Dionne v. Simmons* (*In re Simmons*), 200 F.3d 738, 743 (11th Cir.2000) ("When dismissal will only allow the Debtor to hinder creditors, secret assets, and further the Debtor's abuse of the system, dismissal of her voluntary petition is not warranted.").

WHEREFORE, the United States Trustee respectfully moves this case be ordered converted to Chapter 7 or, in the alternative, dismissed and that Mr. Peirsol be ordered to file a declaration within 14 days of the entry of the order converting or dismissing this case setting forth all disbursements made by him during this case and not already disclosed in any filed monthly operating reports, and for such other relief as the Court deems proper. In the alternative, if this case is not dismissed or converted, the Court should exercise its powers under 11 U.S.C. § 105(d) to set a deadline for Mr. Peirsol to obtain approval of a disclosure statement, set a deadline for Mr. Peirsol to solicit acceptances and obtain confirmation of a plan, and order such other relief as may be just and proper.

Date: April 30, 2020

GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ John T. Morgan
JOHN T. MORGAN
Attorney for Movant
Acting United States Trustee
john.t.morgan@usdoj.gov

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that, on April 30, 2020, I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

- Lesley Bohleber ecfidb@aldridgepite.com, llueke@ecf.courtdrive.com
- Daniel C Green dan@racinelaw.net, mcl@racinelaw.net
- John T Morgan john.t.morgan@usdoj.gov
- Jason Ronald Naess jason@pmt.org, rhett@pmt.org
- Aaron J Tolson ajt@aaronjtolsonlaw.com
- US Trustee ustp.region18.bs.ecf@usdoj.gov

                /s/ John T. Morgan
                JOHN T. MORGAN