# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In re<br><br>JONATHAN PEIRSOL,<br><br>　　Debtor and Debtor in Possession | Case No. 19-40782-JDP<br><br>Chapter 11<br><br>**ORDER ON STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM UNDER DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Class SC1<br><br>**Subject Property:**<br>466 Vista Drive<br>Pocatello, Idaho 83201 |

　　Secure Creditor, Wells Fargo Bank, N.A.("**Creditor**"), by and through its counsel of record, Aldridge Pite, LLP, and Debtor, ("**Debtor**"), by and through her attorney of record, Aaron J. Tolson, have executed and filed a Stipulation ("**Stipulation**") re: Treatment of Creditor's Claim Under Debtors' Chapter 11 Plan of Reorganization for real property commonly described as 466 Vista Drive, Pocatello, Idaho 83201 ("**Subject Property**"). *See, Docket Number 61*.

**IT IS HEREBY ORDERED:**

　　1.　　The Stipulation Re: Treatment of Creditor's Claim Under Debtor's Proposed Chapter 11 Plan of Reorganization that was filed on March 6, 2020, at docket number 61 is hereby approved adopted as an Order of the Court.

　　//end of text//

DATED: March 9, 2020

*[signature]*

Jim D. Pappas
U.S. Bankruptcy Judge

EXHIBIT E

LESLEY D. BOHLEBER (SBN 10477)
**ALDRIDGE | PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Secured Creditor:
Wells Fargo Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| In re | Case No. 19-40782-JDP |
|---|---|
| JONATHAN PEIRSOL, | Chapter 11 |
| Debtor and Debtor in Possession. | **STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**Subject Property**:<br>*466 Vista Drive*<br>*Pocatello, Idaho 83201* |

This Stipulation is entered into by and between Secured Creditor Wells Fargo Bank, N.A. ("Creditor"), by and through its attorneys of record, Aldridge Pite, LLP, and Jonathan Peirsol (the "Debtor"), by and through his attorney of record, Aaron J. Tolson.

The property which is the subject of this matter is commonly known as 466 Vista Drive, Pocatello, Idaho 83201 (hereinafter the "Subject Property").

On December 15, 2009, Jon R. Peirsol and Rebecca M Peirsol (the "Borrowers") executed a promissory note in the principal sum of $393,300.00 (the "Note"). (*See* Claim No. 3). The Note is secured by a Deed of Trust (the "Deed of Trust") granting a security interest in the Property. The Note and Deed of Trust are collectively referred to as the "Subject Loan". (*See* Claim No. 3).

On August 16, 2019, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned bankruptcy case no. 19-40782-JDP. (*See* Docket No. 1).

On September 4, 2019, Creditor filed its Proof of Claim listing a secured claim of $328,100.31 including pre-petition arrears of $13.98. (*See* Claim No. 3).

THE PARTIES STIPULATE AS FOLLOWS:

1. Creditor's legal, equitable, and contractual rights shall remain unchanged with respect to its security interest in the Subject Property. The confirmation order will constitute an order for relief from the automatic stay of 11 U.S.C. §362(a). Creditor shall retain its interest in the Subject Property until paid in full.

2. Debtor shall tender regular monthly principal and interest payments of **$2,264.06** ("Principal and Interest Payment") to Creditor pursuant to the terms of the Note and Deed of Trust commencing **February 1, 2020**, and continuing until the maturity date of the Note, at which time all outstanding amounts owed under the Note and Deed of Trust are to be paid in full. The Principal and Interest Payment amount is subject to change pursuant to the terms of the Note.

3. In addition to Principal and Interest Payments, Debtor shall make monthly escrow payments to Creditor for real property tax advances and hazard insurance advances made by Creditor ("Escrow Payment") commencing **February 1, 2020**, subject to change pursuant to the terms of the Subject Loan. Debtor must obtain Creditor's express written consent if they wish to de-escrow the account. The current monthly Escrow Payment amount is **$516.50**

4. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Claim.

**Pre-Confirmation Default**

5. In the event of any pre-confirmation default on any of the provisions of this Stipulation, Creditor shall provide written notice, via U.S. mail, to Debtor at the Subject Property and to Debtor's attorneys of record. If Debtor fails to cure the default or payment default amount and any subsequent payments with certified funds after passage of thirty (30) calendar days from the date said written notice is placed in the mail as reflected on the certified receipt, then the Automatic Stay shall terminate, unless it has already been terminated by operation of law, and Creditor (and/or its servicer) may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property, including unlawful detainer, without further notice, order, or proceeding of this Court

6. In the event Creditor is granted relief from the automatic stay, Debtor agrees to waive the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

**Post-Confirmation Default**

7. The confirmation order will constitute an order for relief from stay. However, Creditor will not take any action to enforce either the pre-confirmation obligation or the obligation due under this Stipulation/Plan, so long as Debtor is not in default under the terms of the Note and Deed of Trust, as modified by this Stipulation/Plan.

8. In the event of a default, Creditor may: (i) file and serve a motion dismiss the case or convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligation.

9. The acceptance by Creditor (and/ or its servicer) of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

**Miscellaneous Provisions**

10. The Debtor shall (i) file a Chapter 11 Plan that incorporates the terms of this Stipulation by reference to docket number and/or (ii) the confirmation order shall expressly incorporate the terms of this Stipulation by reference to docket number.

11. The terms of this Stipulation are contingent upon the substantial consummation of the Debtor's confirmed Plan. The terms of this Stipulation shall be incorporated into any Amended Plan and/or the Order of Confirmation. In the event of any discrepancy between the terms of this Stipulation and the terms of the Debtor's Plan, the terms of this Stipulation shall control the treatment of Creditor's claim.

12. The terms of this Stipulation may not be modified, altered, or changed by the Debtors' Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and any confirmed order thereon without Debtor first attempting to seek the express written consent of Creditor's counsel. If Creditor's counsel denies Debtor's request to modify the terms of this Stipulation, Debtor may seek court approval to modify the terms of the Stipulation after notice to Creditor's counsel and a hearing. However, Creditor reserves its rights to object to confirmation of

1. any plan modifying this Stipulation.

13. Payments to Creditor will continue past the date Debtor obtains a discharge. However, Creditor's rights against the Subject Property shall not be affected by the entry of a discharge, but shall continue to be governed by the terms of the Note and Deed of Trust, as modified by this Stipulation/Plan.

14. In the event the Debtor asserts that Creditor has failed to properly update its internal system to comply with the terms of this Stipulation within a reasonable period of time after an order is entered confirming the Debtor's Chapter 11 Plan, which shall be no less than ninety (90) days after entry of the Order Confirming Debtor's Plan, the Debtor shall be required to provide written notice of the alleged lack of compliance to Creditor and Creditor's counsel of record, Aldridge Pite, LLP at 4375 Jutland Drive, Suite 200, San Diego, CA 92117, indicating the nature of the alleged lack of compliance. If Creditor fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtor's allegation after the passage of ninety (90) days from the date Creditor receives said written notice (the "Meet and Confer Period") Debtor may proceed with filing the appropriate motion in bankruptcy court seeking Creditor's compliance.

Dated: March 6, 2020   TOLSON & WAYMENT, PLLC

By: /s/ Aaron J. Tolson
AARON J. TOLSON
Attorneys for Debtor

Dated: March 6, 2020   ALDRIDGE PITE, LLP

By: /s/ Lesley D. Bohleber
LESLEY D. BOHLEBER (SBN 10477)
Attorneys for Creditor

# Certificate of Service

I, Esteban Garcia, Hereby Certify that on March 06, 2020, a copy of the *Stipulation Re: Treatment of Creditor's Claim Under Debtors' Chapter 11 Plan of Reorganization* which was filed in this matter, was mailed, with first class postage prepaid, to all parties listed below or on the attached mailing matrix:

DEBTOR (First Class U.S. Mail)

Jonathan Peirsol
466 Vista
Pocatello, ID 83201

DEBTOR'S ATTORNEY (ECF Notice)

Aaron J Tolson
Tolson & Wayment, PLLC
2677 E. 17th Street, Suite 300
Ammon, ID 83406
ajt@aaronjtolsonlaw.com

U.S. TRUSTEE (ECF Notice)

United States Trustee
Washington Group Central Plaza
720 Park Blvd., Suite 220
Boise, ID 83712
john.t.morgan@usdoj.gov


DATED: March 06, 2020                                          /s/Esteban Garcia
                                                               ESTEBAN GARCIA