Aaron J. Tolson, Esq.
TOLSON & WAYMENT, PLLC
2677 E. 17th Street, Suite 300
Ammon, Idaho, 83406
Email: ajt@aaronjtolsonlaw.com
Telephone: 208-228-5221
Fax: 208-228-5200
I.S.B. #6558

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. |
| JONATHAN PEIRSOL | ) | |
| | ) | Chapter 11 |
| Debtor in Possession. | ) | |
| | ) | |

## <u>OBJECTION TO MOTION TO CONVERT CASE OR TO DISMISS</u>

Debtor, Jonathan Peirson, by and through his attorney of record, Aaron J. Tolson, do hereby

object to *Acting United States Trustee's Motion to Convert Case or to Dismiss* as follows:

1.      The debtor objects to the motion to convert to chapter 7 as follows: despite the fact

that the COVID-19 virus has had a detrimental effect on the economy this debtor has been able to

avoid most of the fallout by positioning himself in the market to do home installations on soft water

systems. In addition his wife's restaurant Charlie's is reopening and other restaurants have reopened

which will increase the sales of the cleaning products that were the core business prior to the

COVID-19 virus.

2.      In addition Debtor states that although the building has a scheduled value of

$110,000 on North Ash the roof will require a $19,853.00 repair (see estimate) and the building

1 - OBJECTION TO MOTION TO CONVERT CASE OR TO DISMISS

EXHIBIT H

repairs will be $28,450.00 for the tax value is $84,020.00. So the building will be worth only about $35,717.00, in addition debtor does not believe his residence on Vista has any equity for the creditors given the fact that it has a first and a second mortgage as stated in the disclosure.

3.    Debtor also has substantial priority debt in the IRS and restitution which will be a problem for any unsecured debt to receive payment in a liquidation.

4.    Debtor has attached a profit and loss showing that they have actually been able to increase the income in the company he works with with his son over the same period of a year ago.

5.    The property in Vista was $342,631.00 in 2018 and $418,703.00 in 2019. Debtor has made some mistakes but he has paid for his debt to society and would now like to pay at least some of his debt to his creditors by working hard for them for five years. He hopes that everyone will carefully consider the attached information and amended disclosure and whether it is better for them to get a liquidation with nothing or five years of payments, which could be quite substantial.

6.    There was an offer on the house in 2018 for $410,000.00.

7.    $330,000.00 is owed against the Vista property and so with the homestead exemption nothing is owed to creditor.

8.    On realtor.com, the property is worth $370,400.00.

Based upon these objections, Debtor respectfully request that the Court deny *Acting United States Trustee's Motion to Convert Case or to Dismiss*.

DATED this _____ day of May, 2020.

Aaron J. Tolson
Attorney for Debtor

2 - OBJECTION TO MOTION TO CONVERT CASE OR TO DISMISS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ⎺⎺ day of May, 2020, I filed a copy of the attached document with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

Lesley Bohleber ecfidb@aldridgepite.com, llueke@ecf.courtdrive.com

John T Morgan john.t.morgan@usdoj.gov

Jason Ronald Naess jason@pmt.org

Aaron J Tolson ajt@aaronjtolsonlaw.com

US Trustee ustp.region18.bs.ecf@usdoj.gov

I further certify that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

_____
Aaron J. Tolson
Attorney

3 - OBJECTION TO MOTION TO CONVERT CASE OR TO DISMISS

# JBP Enterprises, Inc

## PROFIT AND LOSS

### March 25 - April 28, 2020

|  | TOTAL |
|---|---|
| **Income** | |
| Billable Expense Income | 9,810.38 |
| Sales | 26,214.79 |
| Shipping Income | 447.87 |
| **Total Income** | **$36,473.04** |
| Cost of Goods Sold | |
| Cost of Goods Sold | 8,038.52 |
| **Total Cost of Goods Sold** | **$8,038.52** |
| **GROSS PROFIT** | **$28,434.52** |
| **Expenses** | |
| Bank Charges & Fees | 22.50 |
| Car & Truck | 174.02 |
| Contractors | 3,243.66 |
| Employee Benefits | 350.00 |
| Insurance | 942.72 |
| Job Supplies | -40.71 |
| Legal & Professional Services | 694.30 |
| Meals & Entertainment | 48.83 |
| Office Supplies & Software | 96.99 |
| Payroll Expenses | 350.00 |
| Taxes | 4.38 |
| Wages | 47.50 |
| **Total Payroll Expenses** | **401.88** |
| QuickBooks Payments Fees | 68.72 |
| Rent & Lease | 2,800.00 |
| Repairs & Maintenance | 3,411.83 |
| Travel | 266.76 |
| Utilities | 371.04 |
| Vehicle | 158.94 |
| **Total Expenses** | **$13,011.48** |
| **NET OPERATING INCOME** | **$15,423.04** |
| Other Income | |
| Late Fee Income | 17.21 |
| **Total Other Income** | **$17.21** |
| **NET OTHER INCOME** | **$17.21** |
| **NET INCOME** | **$15,440.25** |

# JBP Enterprises, Inc

## PROFIT AND LOSS

### March 25 - April 28, 2019

| | TOTAL |
|---|---|
| **Income** | |
| Billable Expense Income | 3,749.82 |
| Sales | 29,094.28 |
| Sales of Product Income | 1,647.64 |
| Shipping Income | 702.98 |
| Unapplied Cash Payment Income | 700.00 |
| **Total Income** | **$35,894.72** |
| Cost of Goods Sold | |
| Cost of Goods Sold | 8,855.52 |
| **Total Cost of Goods Sold** | **$8,855.52** |
| **GROSS PROFIT** | **$27,039.20** |
| **Expenses** | |
| Advertising & Marketing | 2,240.52 |
| Bank Charges & Fees | 174.46 |
| Car & Truck | 341.95 |
| Insurance | 310.00 |
| Job Supplies | 1,246.84 |
| Legal & Professional Services | 6,015.76 |
| Meals & Entertainment | 92.96 |
| Office Supplies & Software | 138.62 |
| Payroll Expenses | |
| Taxes | 448.59 |
| Wages | 4,479.41 |
| **Total Payroll Expenses** | **4,928.00** |
| QuickBooks Payments Fees | 417.60 |
| Reimbursable Expenses | 350.00 |
| Reimbursements | 870.00 |
| Rent & Lease | 5,441.82 |
| Repairs & Maintenance | 36.93 |
| Taxes & Licenses | 128.00 |
| Travel | 1,463.97 |
| Utilities | 1,213.32 |
| Vehicle | 2,861.24 |
| **Total Expenses** | **$28,271.99** |
| **NET OPERATING INCOME** | **$ -1,232.79** |
| Other Expenses | |
| Other Miscellaneous Expense | 29.99 |
| **Total Other Expenses** | **$29.99** |
| **NET OTHER INCOME** | **$ -29.99** |
| **NET INCOME** | **$ -1,262.78** |

**NIbnFox LLC**

4523 E Ririe Highway
Idaho Falls, ID 83401 US
(208) 313-3226
nibnfox@gmail.com

# Estimate

**ADDRESS**

Jon Peirsol
466 Vista Dr
Pocatello, ID 83201 US

**ESTIMATE #** 1172
**DATE** 04/25/2020

| DATE | SERVICE | DESCRIPTION | QTY | RATE | AMOUNT |
|------|---------|-------------|-----|------|--------|
| | Roof Repair | Remove existing roofing material/dumpster/cleanup. Replace sheeting on water damaged sections. Replace/enlarge roof drain system to accommodate proper water drainage. Add roofing material/60 mil white membrane and 6" dense foam insulation for R value. Roof trim out/connect water tight border trim to all roof walls to prevent water from penetrating roofing edge. | 1 | 19,853.00 | 19,853.00 |

TOTAL **$19,853.00**

Accepted By                                      Accepted Date

**NibnFox LLC**

4523 E Ririe Highway
Idaho Falls, ID  83401 US
(208) 313-3226
nibnfox@gmail.com

# Estimate

**ADDRESS**

Jon Peirsol
466 Vista Dr
Pocatello, ID  83201 US

**ESTIMATE #** 1171
**DATE** 04/25/2020

| DATE | SERVICE | DESCRIPTION | QTY | RATE | AMOUNT |
|------|---------|-------------|-----|------|--------|
| | **Framing/sheeting** | Frame in rear support wall of structure, structure has been compromised and is falling down. | 1 | 7,000.00 | 7,000.00 |
| | **Bathroom remodel** | Bathroom had an extended leak that has ruined the flooring and the walls.mold remediation will be necessary. | 1 | 8,500.00 | 8,500.00 |
| | **Mold removal by room.** | Remove mold and air scrub.per room. | 5 | 2,500.00 | 12,500.00 |
| | **carpet repair** | stretch carpet and cut off excess. carpet damage due to roof leak/bathroom leak. | 6 | 75.00 | 450.00 |

TOTAL **$28,450.00**

Accepted By                                Accepted Date

**Parcel Number**

# RP1015500

**Property Address**
50 N ASH
BLACKFOOT ID 83221

**Property Year**
**2018**

**Legal Description**
T3S R35E SEC 03
BLKFT DAN. LEW. BLK 32
LOT 16

| | | | | |
|---|---|---|---|---|
| Base Code Area | 001-000 | | | |
| Incr Code Area | 001-006 | | | |
| Project Name | UPTOWN BLKFT | | | |
| | | | | |
| Parcel Status | Active | | | |
| Property Type | Real Property | | | |
| Sub Type | | | | |
| | | | | |
| Land Group | OLD TOWN | | | |
| Township | 3S | Range | 35E | Section 03 |
| Location Code | 35 C | | | |
| Parcel Type | C2 | | | |
| Zoning | GS | | | |
| | | | | |
| Reappraisal Year | 2016 | | | |
| Inspection Date | 12/01/2015 | | | |
| Appraiser Initials | GS | | | |

CB: No  NC: No

**Owner/Contact Name**
PEIRSOL JON R
PEIRSOL REBECCA M
BLACKFOOT ID 83221

| Type | Relationship | Owner% | HOE |
|---|---|---|---|
| OWNER | | 50.00% | |
| OWNER | | 50.00% | |

**Mailing Address**
P.O. BOX 1469
BLACKFOOT ID 83221

**Associated Parcels**
PP9046105

**Parcel Exemption: None**

| Instrument | Eff Date | Action | Source | Target |
|---|---|---|---|---|
| 612190 | 10/28/2009 | Ownership | 2009 | |
| 612189 | 10/28/2009 | Ownership | 2009 | |
| 591613 | 03/03/2008 | Ownership | 2008 | |
| 578445 | 03/16/2007 | Ownership | 2007 | |
| 551633 | 03/22/2005 | Ownership | 2005 | |

**Comments**   (1 Additional Instrument)

**Building Permits**
None

**Tax Certification**
SOLID WASTE

| District | Roll | Type | Units | Amount |
|---|---|---|---|---|
| 992 | PR | K | 1 | $ 50.00 |

**CHARACTERISTIC**

| SCC | Type | Suffix | Description |
|---|---|---|---|
| 21 | LAND | | |
| 42 | COMM | A | COMM RETAIL |

**ROLLS**

| | Assessed | Occupancy | Status |
|---|---|---|---|
| | PRIMARY | NO | E |
| | PRIMARY | NO | E |
| TOTALS: | | | |

ROLL STATUS:  E    Equalized (Final)

**ACRES**

| Quantity |
|---|
| 0.071 |
| |
| 0.071 |

**VALUATION SUMMARY**

| | Assessed Value | Exemption Amount | Net Taxable Value |
|---|---|---|---|
| | $ 6,000 | $ --- | $ 6,000 |
| | $ 78,020 | $ --- | $ 78,020 |
| | $ 84,020 | $ --- | $ 84,020 |

**URBAN RENEWAL**

| | Net Taxable Base | Net Taxable Incr |
|---|---|---|
| | $ 6,000 | $ 0 |
| | $ 24,800 | $ 53,220 |
| | $ 30,800 | $ 53,220 |

**Parcel Number**
# RP1015500

**Property Address**
50 N ASH
BLACKFOOT ID 83221

**Property Year**
# 2019

**Legal Description**
T3S R35E SEC 03
BLKFT DAN. LEW. BLK 32
LOT 16

**Base Code Area** 001-000
**Incr Code Area** 001-006
**Project Name**
UPTOWN BLKFT

**Parcel Status** Active
**Property Type** Real Property
**Sub Type**

| Owner/Contact Name | Type | Relationship | Owner% | HOE |
|---|---|---|---|---|
| PEIRSOL JON R | OWNER | | 50.00% | |
| PEIRSOL REBECCA M | OWNER | | 50.00% | |

**Mailing Address**
P.O. BOX 1469
BLACKFOOT ID 83221

**Land Group**
OLD TOWN
**Township** 3S  **Range** 35E  **Section** 03
35 C
**Location Code**
**Parcel Type**
**Zoning** C2

**Associated Parcels**
PP9046105

**Building Permits**
None

**Reappraisal Year** 2016
**Inspection Date** 12/01/2015
**Appraiser Initials** GS

CB: No  NC: No

**Parcel Exemption:** None

**Tax Certification**
SOLID WASTE

| Instrument | Eff Date | Action | Source | Target |
|---|---|---|---|---|
| 612190 | 10/28/2009 | Ownership | 2009 | |
| 612189 | 10/28/2009 | Ownership | 2009 | |
| 591613 | 03/03/2008 | Ownership | 2008 | |
| 578445 | 03/16/2007 | Ownership | 2007 | |
| 551633 | 03/22/2005 | Ownership | 2005 | |

*(1 Additional Instrument)*

**Comments**

| ACRES | | Amount | |
|---|---|---|---|
| Quantity | | $ | 50.00 |
| District | Roll | Type | Units |
| 992 | PR | K | 1 |

**VALUATION SUMMARY**

| | Assessed Value | Exemption Amount | Net Taxable Value |
|---|---|---|---|
| 0.071 | $ 6,000 | $ — | $ 6,000 |
| | $ 78,020 | $ — | $ 78,020 |
| **0.071** | **$ 84,020** | **—** | **$ 84,020** |

**URBAN RENEWAL**

| Net Taxable Base | Net Taxable Incr |
|---|---|
| $ 6,000 | $ 0 |
| $ 24,800 | $ 53,220 |
| **$ 30,800** | **$ 53,220** |

**ROLLS**

| | Assessed | Occupancy | Status |
|---|---|---|---|
| | PRIMARY | NO | E |
| | PRIMARY | NO | E |
| **TOTALS:** | | | |

ROLL STATUS : E   Equalized (Final)

**CHARACTERISTIC**

| SCC | Type | Suffix | Description |
|---|---|---|---|
| 21 | LAND | | |
| 42 | COMM | A | COMM RETAIL |

PROPMSTR

# JBP Enterprises, Inc

PROFIT AND LOSS

March 25 - May 2, 2020

| | TOTAL | | |
| --- | --- | --- | --- |
| | MAR 25 - MAY 2, 2020 | MAR 25 - MAY 2, 2019 (PY) | CHANGE | % CHANGE |
| **Income** | | | | |
| Billable Expense Income | 12,567.08 | 4,470.47 | 8,096.61 | 181.11 % |
| Sales | 31,022.82 | 35,501.32 | -4,478.50 | -12.62 % |
| Sales of Product Income | | 1,647.64 | -1,647.64 | -100.00 % |
| Shipping Income | 575.87 | 862.98 | -287.11 | -33.27 % |
| Unapplied Cash Payment Income | | 700.00 | -700.00 | -100.00 % |
| **Total Income** | **$44,165.77** | **$43,182.41** | **$983.36** | **2.28 %** |
| Cost of Goods Sold | | | | |
| Cost of Goods Sold | 9,361.16 | 11,736.67 | -2,375.51 | -20.24 % |
| **Total Cost of Goods Sold** | **$9,361.16** | **$11,736.67** | **$ -2,375.51** | **-20.24 %** |
| **GROSS PROFIT** | **$34,804.61** | **$31,445.74** | **$3,358.87** | **10.68 %** |
| **Expenses** | | | | |
| Advertising & Marketing | | 2,240.52 | -2,240.52 | -100.00 % |
| Bank Charges & Fees | 22.50 | 174.46 | -151.96 | -87.10 % |
| Car & Truck | 244.58 | 376.62 | -132.04 | -35.06 % |
| Contractors | 3,593.66 | | 3,593.66 | |
| Employee Benefits | 350.00 | | 350.00 | |
| Insurance | 942.72 | 523.27 | 419.45 | 80.16 % |
| Job Supplies | -14.22 | 1,080.86 | -1,095.08 | -101.32 % |
| Legal & Professional Services | 939.30 | 6,015.76 | -5,076.46 | -84.39 % |
| Meals & Entertainment | 48.83 | 92.96 | -44.13 | -47.47 % |
| Office Supplies & Software | 96.99 | 230.62 | -133.63 | -57.94 % |
| Payroll Expenses | 350.00 | | 350.00 | |
| Taxes | 4.38 | 667.94 | -663.56 | -99.34 % |
| Wages | 47.50 | 6,640.74 | -6,593.24 | -99.28 % |
| **Total Payroll Expenses** | **401.88** | **7,308.68** | **-6,906.80** | **-94.50 %** |
| QuickBooks Payments Fees | 77.47 | 436.44 | -358.97 | -82.25 % |
| Reimbursable Expenses | | 700.00 | -700.00 | -100.00 % |
| Reimbursements | | 1,305.00 | -1,305.00 | -100.00 % |
| Rent & Lease | 2,800.00 | 6,141.82 | -3,341.82 | -54.41 % |
| Repairs & Maintenance | 3,527.57 | 1,020.00 | 2,507.57 | 245.84 % |
| Taxes & Licenses | | 128.00 | -128.00 | -100.00 % |
| Travel | 308.50 | 1,463.97 | -1,155.47 | -78.93 % |
| Utilities | 637.66 | 1,389.10 | -751.44 | -54.10 % |
| Vehicle | 216.17 | 3,067.31 | -2,851.14 | -92.95 % |
| **Total Expenses** | **$14,193.61** | **$33,695.39** | **$ -19,501.78** | **-57.88 %** |
| **NET OPERATING INCOME** | **$20,611.00** | **$ -2,249.65** | **$22,860.65** | **1,016.19 %** |
| Other Income | | | | |
| Late Fee Income | 27.21 | | 27.21 | |
| **Total Other Income** | **$27.21** | **$0.00** | **$27.21** | **0.00 %** |
| Other Expenses | | | | |
| Other Miscellaneous Expense | | 29.99 | -29.99 | -100.00 % |
| **Total Other Expenses** | **$0.00** | **$29.99** | **$ -29.99** | **-100.00 %** |
| **NET OTHER INCOME** | **$27.21** | **$ -29.99** | **$57.20** | **190.73 %** |
| **NET INCOME** | **$20,638.21** | **$ -2,279.64** | **$22,917.85** | **1,005.33 %** |

# Tax Master

2019

## Parcel: RPRPTH1002200

| | | |
|---|---|---|
| **Status:** Active w/ HO | **Bill:** 2384019 | **Bank code:** NETS |
| **Tax year:** **2019** | **Date billed:** — | **FLB:** — |
| **Acct type:** — | **Compliance:** — | **Owner code:** — |
| | **Code area:** 1-0000 | **P.U.P.:** ☐ |

**Primary owner:**

PEIRSOL, JON R
466 VISTA, POCATELLO ID 832010000 USA

**Situs Address:**

466 VISTA Pocatello 83201

**Legal Description:**

LOT 6 BLOCK 3 TUSCANY HILLS SUBDIVISION 1ST
ADDITION

| | | |
|---|---|---|
| **Market Value** | | $ 418,703 |
| Exemption | - | $ 0 |
| Homeowner Exemption | - | $ 100,000 |
| Net Market Value | | $ 318,703 |
| **Gross Tax Amount** | | $ 6,087.64 |
| Property Tax Reduction | - | $ 0.00 |
| Special Charges | + | $ 40.00 |
| Net Tax Billed | | $ 6,127.64 |
| **Tax Payments** | | $ 3,063.82 |
| **Taxes Cancelled** | + | $ 0.00 |
| **Specials Cancelled** | + | $ 0.00 |
| Remaining Tax Due | | $ 3,063.82 |

 **View Parcel** RP ⌄ ☐ A ⌄ Go

 **View Bill:** ☐ 2019 ⌄ Go

# Tax Master

2018

## Parcel: RPRPTH1002200

**Status:** Active w/ HO
**Tax year:** **2018**
**Acct type:** —

**Bill:** 38784
**Date billed:** —
**Compliance:** —
**Code area:** 1-0000

**Bank code:** NETS
**FLB:** —
**Owner code:** —
**P.U.P.:** ☐

**Primary owner:**

PEIRSOL, JON R
466 VISTA, POCATELLO ID 832010000 USA

**Situs Address:**

466 VISTA Pocatello 83201

**Legal Description:**

LOT 6 BLOCK 3 TUSCANY HILLS SUBDIVISION 1ST
ADDITION

| | | |
|---|---|---|
| **Market Value** | | $ 342,631 |
| Exemption | - | $ 0 |
| Homeowner Exemption | - | $ 100,000 |
| Net Market Value | | $ 242,631 |
| **Gross Tax Amount** | | $ 5,311.00 |
| Property Tax Reduction | - | $ 0.00 |
| Special Charges | + | $ 40.00 |
| Net Tax Billed | | $ 5,351.00 |
| **Tax Payments** | | $ 5,351.00 |
| **Taxes Cancelled** | + | $ 0.00 |
| **Specials Cancelled** | + | $ 0.00 |
| Remaining Tax Due | | $ 0.00 |

**View Parcel**  RP ▾  [   ] A ▾ Go        **View Bill:** [   ] 2019 ▾ Go

4/19/2018                                               Form Simplicity



## RE-21 REAL ESTATE PURCHASE AND SALE AGREEMENT

JULY 2017 EDITION

THIS IS A LEGALLY BINDING CONTRACT. READ THE ENTIRE DOCUMENT, INCLUDING ANY ATTACHMENTS.
IF YOU HAVE ANY QUESTIONS, CONSULT YOUR ATTORNEY AND/OR ACCOUNTANT BEFORE SIGNING.

Page 1 of 7

**NO WARRANTIES, INCLUDING, WITHOUT LIMITATION, ANY WARRANTY OF HABITABILITY, AGREEMENTS
OR REPRESENTATIONS NOT EXPRESSLY SET FORTH HEREIN SHALL BE BINDING UPON EITHER PARTY.**

1  ID# RMREWL41918 _____                       DATE April 19, 2018 _____
2  **LISTING AGENCY** Idaho Homeland RE _____ Office Phone # 208-478-1107 __ Fax # 208-478-1187
3  Listing Agent Julie Bixby _____ E-Mail _____ Phone # _____
4  **SELLING AGENCY** Idaho Rocky Mountain RE _____ Office Phone # 208-237-2078 __ Fax # 866-932-7930
5  Selling Agent   Wes Leisy _____ E-Mail wes@wesleisy.com _____ Phone # 208-221-2800

6
7  **1. BUYER:**   James Ruchti        Wendy Ruchti _____
8  (Hereinafter called "BUYER") agrees to purchase, and the undersigned SELLER agrees to sell the following described real estate hereinafter referred to as
9  "PROPERTY" **COMMONLY KNOWN AS** 466 Vista Drive _____
10  Pocatello _____ City Bannock _____ County, ID, Zip 83201 _____ legally described as: Lot 6 Block 3
11  Tuscany Hills Subdivision, 1st Addition. _____
12  OR Legal Description Attached as exhibit _____ **(Exhibit must accompany original offer and be signed or initialed by BUYER**
13  **and SELLER.)**

14
15  **2.** $410,000.00 _____  **PURCHASE PRICE:** Four Hundred Ten Thousand Dollars And Zero Cents _____,
16  payable upon the following TERMS AND CONDITIONS (not including closing costs):

17  **This offer is contingent upon the sale, refinance, and/or closing of any other property** ☐ Yes  ☒ No

18
19  **3. FINANCIAL TERMS:** Note: A+C+D+E must add up to total purchase price.
20  **(A).** $5,000.00 _____  **EARNEST MONEY:** BUYER hereby offers **Five Thousand Dollars And Zero Cents** _____
21  **DOLLARS as Earnest Money in the following form:** ☐ cash ☒ personal check ☐ cashier's check ☐ note (due date): _____
22  ☐ other _____ and ☐ receipt is hereby acknowledged OR ☐ BUYER will deliver
23  Earnest Money within _____ business days (three [3] if left blank) of acceptance.
24  Earnest Money to be deposited in trust account ☐ upon receipt or ☐ upon acceptance by BUYER and SELLER or ☒ other **Earnest money to be**
25  **delivered and deposited within 4 business days of acceptance.** _____
26  and shall be held by: ☐ Listing Broker ☒ Selling Broker ☐ Closing Agency ☐ other _____
27  for the benefit of the parties hereto.
28  **THE RESPONSIBLE BROKER SHALL BE:** Jennifer L. Brunson _____
29  **(B). ALL CASH OFFER:** ☒ NO ☐ YES  If this is an all cash offer do not complete Sections 3C and 3D, fill blanks with "0" (ZERO). IF CASH
30  **OFFER, BUYER'S OBLIGATION TO CLOSE SHALL NOT BE SUBJECT TO ANY FINANCIAL CONTINGENCY.** BUYER agrees to provide SELLER
31  within ____ business days (five [5] if left blank) from the date of acceptance of this agreement by all parties written confirmation of sufficient funds and/or
32  proceeds necessary to close transaction. Acceptable documentation includes, but is not limited to, a copy of a recent bank or financial statement.

33  Cash proceeds from another sale: ☐ Yes  ☒ No
34  **(C).** $315,000.00 _____  **NEW LOAN PROCEEDS:** This Agreement is contingent upon BUYER obtaining the following financing:
35  **FIRST LOAN** of $ 315,000.00 _____ not including mortgage insurance, through ☐ FHA, ☐ VA, ☒ CONVENTIONAL, ☐ IHFA, ☐ RURAL
36  DEVELOPMENT, ☐ OTHER _____ with interest not to exceed 4.25% for a period of 15 ____ year(s) at: ☒ Fixed Rate ☐ Other _____
37  In the event BUYER is unable, after exercising good faith efforts, to obtain the indicated financing, BUYER's Earnest Money shall be returned to BUYER.
38  **SECOND LOAN** of $ _____ through ☐ FHA, ☐ VA, ☐ CONVENTIONAL, ☐ IHFA, ☐ RURAL DEVELOPMENT, ☐ OTHER _____
39  with interest not to exceed _____ % for a period of _____ year(s) at: ☐ Fixed Rate ☐ Other _____
40  **LOAN APPLICATION:** BUYER ☒ has applied OR ☐ shall apply for such loan(s). Within _____ business days (ten [10] if left blank) of final acceptance
41  of all parties, BUYER agrees to furnish SELLER with a **written confirmation showing lender approval of credit report, income verification, debt**
42  **ratios, and evidence of sufficient funds and/or proceeds necessary to close transaction in a manner acceptable to the SELLER(S) and subject**
43  **only to satisfactory appraisal and final lender underwriting.** If an appraisal is required by lender, the **PROPERTY** must appraise at not less
44  **than purchase price or BUYER'S Earnest Money shall be returned at BUYER'S request unless SELLER,** at SELLER's sole discretion, agrees to
45  reduce the purchase price and meet the appraised value. SELLER shall be entitled to a copy of the appraisal and shall have 24 hours from receipt thereof
46  to notify BUYER of any price reduction. *BUYER may also apply for a loan with different conditions and costs and close transaction provided all other*
47  *terms and conditions of this Agreement are fulfilled, and the new loan does not increase the costs or requirements to the SELLER.*
48  **FHA / VA:** If applicable, it is expressly agreed that notwithstanding any other provisions of this contract, BUYER shall not be obligated to complete the purchase of
49  the PROPERTY described herein or to incur any penalty or forfeiture of Earnest Money deposits or otherwise unless BUYER has been given in
50  accordance with HUD/FHA or VA requirements a written statement by the Federal Housing Commissioner, Veterans Administration or a Direct
51  Endorsement lender setting forth the appraised value of the PROPERTY of not less than the sales price as stated in the contract.
52  If such written confirmation required in 3(B) or 3(C)  is not received by SELLER(S) within the strict time allotted, SELLER(S) may at their option cancel
53  this agreement by notifying BUYER(S) in writing of such cancellation within _____ business days (three [3] if left blank) after written confirmation was
54  required. If SELLER does not cancel within the strict time period specified as set forth herein, SELLER shall be deemed to have accepted such written
55  confirmation of lender approval and shall be deemed to have elected to proceed with the transaction. SELLER'S approval shall not be unreasonably
56  withheld.

57
58  **(D).** $ _____  **ADDITIONAL FINANCIAL TERMS:**
59  ☐ Additional financial terms are specified under the heading "OTHER TERMS AND/OR CONDITIONS" (Section 4).
60  ☐ Additional financial terms are contained in a **FINANCING ADDENDUM** of same date, attached hereto, signed by both parties.

61
62  **(E).** $90,000.00 _____  **APPROXIMATE FUNDS DUE FROM BUYERS AT CLOSING** *(Not including closing costs):* Cash at
63  closing to be paid by BUYER at closing in GOOD FUNDS, includes: cash, electronic transfer funds, certified check or cashier's check.

BUYER'S Initials ( JR )( WR ) Date 4-19-2018        SELLER'S Initials (____)(____) Date _____

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the
Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

**JULY 2017 EDITION**                 **RE-21 REAL ESTATE PURCHASE AND SALE AGREEMENT**                 Page 1 of 7

Serial#: 034123-200152-4160808
Prepared by: Wesley Leisy | Idaho Rocky Mountain Esta | wes@wesleisy.com | 2062372076

4/19/2018                                                         Form Simplicity

JULY 2017 EDITION            RE-21 REAL ESTATE PURCHASE AND SALE AGREEMENT            Page 2 of 7

PROPERTY ADDRESS: 466 Vista Drive, Pocatello, ID 83201 _____ ID#: RMREWL41918

**4. OTHER TERMS AND/OR CONDITIONS:** This Agreement is made subject to the following special terms, considerations and/or contingencies which must be satisfied prior to closing None. _____

**5. ITEMS INCLUDED & EXCLUDED IN THIS SALE:** All existing fixtures and fittings that are attached to the PROPERTY are **INCLUDED IN THE PURCHASE PRICE** (unless excluded below), and shall be transferred free of liens. These include, but are not limited to, all seller-owned attached floor coverings, television wall mounts, satellite dish, attached plumbing, bathroom and lighting fixtures, window screens, screen doors, storm doors, storm windows, window coverings, garage door opener(s) and transmitter(s), exterior trees, plants or shrubbery, water heating apparatus and fixtures, attached fireplace equipment, awnings, ventilating, cooling and heating systems, all ranges, ovens, built-in dishwashers, fuel tanks and irrigation fixtures and equipment, that are now on or used in connection with the PROPERTY and shall be included in the sale unless otherwise provided herein. BUYER should satisfy himself/herself that the condition of the included items is acceptable. It is agreed that any item included in this section is of nominal value less than $100.

**(A). ADDITIONAL ITEMS SPECIFICALLY INCLUDED IN THIS SALE:** Range/oven, refrigerator, dishwasher, water heater-gas, water softener-owned, ALL theater equipment to include seating and all projection/screen/sound equipment. _____

**(B). ITEMS SPECIFICALLY EXCLUDED IN THIS SALE:** Sellers personal items. _____

**6. MINERAL RIGHTS:** Any and all mineral rights appurtenant to the PROPERTY are included in and are part of the sale of this PROPERTY, and are not leased or encumbered, unless otherwise agreed to by the parties in writing.

**7. WATER RIGHTS:** Any and all water rights including but not limited to water systems, wells, springs, lakes, streams, ponds, rivers, ditches, ditch rights, and the like, if any, appurtenant to the PROPERTY are included in and are a part of the sale of this PROPERTY, and are not leased or encumbered, unless otherwise agreed to by the parties in writing.

**8. TITLE CONVEYANCE:** Title of SELLER is to be conveyed by warranty deed, unless otherwise provided, and is to be marketable and insurable except for rights reserved in federal patents, state or railroad deeds, building or use restrictions, building and zoning regulations and ordinances of any governmental unit, and rights of way and easements established or of record. Liens, encumbrances or defects to be discharged by SELLER may be paid out of purchase money at date of closing. No liens, encumbrances or defects which are to be discharged or assumed by BUYER or to which title is taken subject to, exist unless otherwise specified in this Agreement.

**9. TITLE INSURANCE: There may be types of title insurance coverages available other than those listed below and parties to this agreement are advised to talk to a title company about any other coverages available that will give the BUYER additional coverage.**

**(A). PRELIMINARY TITLE COMMITMENT:** Within 6 business days (six [6] if left blank) of final acceptance of all parties ☒ SELLER or ☐ BUYER shall furnish to BUYER a preliminary commitment of a title insurance policy showing the condition of the title to said PROPERTY. BUYER shall have ____ business days (two [2] if left blank) after receipt of the preliminary commitment, within which to object in writing to the condition of the title as set forth in the preliminary commitment. If BUYER does not so object, BUYER shall be deemed to have accepted the conditions of the title. It is agreed that if the title of said PROPERTY is not marketable, and cannot be made so within ____ business days (two [2] if left blank) after SELLER'S receipt of a written objection and statement of defect from BUYER, then BUYER'S Earnest Money deposit shall be returned to BUYER and SELLER shall pay for the cost of title insurance cancellation fee, escrow and legal fees, if any.

**(B). TITLE COMPANY:** The parties agree that AmeriTitle _____ Title Company located at 1523 Yellowstone Ave., Pocatello, ID 83201 _____ shall provide the title policy and preliminary report of commitment.

**(C). STANDARD COVERAGE OWNER'S POLICY:** SELLER shall within a reasonable time after closing furnish to BUYER a title insurance policy in the amount of the purchase price of the PROPERTY showing marketable and insurable title subject to the liens, encumbrances and defects elsewhere set out in this Agreement to be discharged or assumed by BUYER unless otherwise provided herein. **The risk assumed by the title company in the standard coverage policy is limited to matters of public record.** BUYER shall receive a ILTA/ALTA Owner's Policy of Title Insurance. A title company, at BUYER's request, can provide information about the availability, desirability, coverage and cost of various title insurance coverages and endorsements. If BUYER desires title coverage other than that required by this paragraph, BUYER shall instruct Closing Agency in writing and pay any increase in cost unless otherwise provided herein.

**(D). EXTENDED COVERAGE LENDER'S POLICY (Mortgagee policy):** The lender may require that BUYER (Borrower) furnish an Extended Coverage Lender's Policy. This extended coverage lender's policy considers matters of public record and additionally insures against certain matters not shown in the public record. **This extended coverage lender's policy is solely for the benefit of the lender and only protects the lender.**

BUYER'S Initials (_CLR_)(_CLR_) Date 4-19-2018        SELLER'S Initials (____)(____) Date _____

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED.  ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.
JULY 2017 EDITION                    RE-21 REAL ESTATE PURCHASE AND SALE AGREEMENT                    Page 2 of 7

Serial#: 034123-200152-4160808
Prepared by: Wesley Leisy | Idaho Rocky Mountain Real Esta | wes@wesleisy.com | 2082372078

4/19/2018                                                                                              Form Simplicity

PROPERTY ADDRESS:  466 Vista  Drive, Pocatello, ID 83201                          ID#: RMREWL41918

## 10. INSPECTION:

**(A). BUYER chooses** [X] to conduct inspections [ ] not to conduct inspections. If BUYER chooses not to conduct inspections, skip Section 10B. If indicated, BUYER shall have the right to conduct inspections, investigations, tests, surveys and other studies at **BUYER'S** expense, hereafter referred to as **"Buyer's Inspection Contingency."** BUYER'S inspection of the PROPERTY includes all aspects of the PROPERTY, including but not limited to neighborhood, conditions, zoning and use allowances, environmental conditions, applicable school districts and/or any other aspect pertaining to the PROPERTY or related to the living environment at the PROPERTY. Unless otherwise addressed, BUYER shall, within 8____ business days (five [5] if left blank) of acceptance, complete these inspections and give to SELLER written notice of disapproved items or notice of termination of this Agreement based on an unsatisfactory inspection. Once BUYER delivers written notice to SELLER it shall end BUYER's timeframe and is irrevocable regardless of if it was provided prior to the deadline stated above. BUYER is strongly advised to exercise these rights and to make BUYER'S own selection of professionals with appropriate qualifications to conduct inspections of the entire PROPERTY. BUYER shall keep the PROPERTY free and clear of liens; indemnify and hold SELLER harmless from all liability, claims, demands, damages and costs; and repair any damages arising from the inspections. **SELLER shall make PROPERTY available for inspection and agrees to accept the responsibility and expense for making sure all the utilities are turned on no later than _____ business days (two [2] if left blank) from acceptance for the inspection except for phone and cable.** Some inspections, investigations, tests, surveys and other studies may require additional days to complete. The parties agree that unless specifically set forth below, the above timeframe for investigations, tests, surveys and other studies shall govern. **No inspections may be made by any governmental building or zoning inspector or government employee without the prior consent of SELLER unless required by local law.**

[ ] In the event this offer is subject to a short sale approval by a mortgage company, the time frame for completing inspections shall begin upon written approval of the short sale by the mortgage company and/or all lien holders.

Additional inspections/timeframes:
[ ] Domestic Well Water Potability and/or Productivity Test shall be completed within _____ business days (ten (10) if left blank) from acceptance..
[ ] Septic Inspection and/or Pumping shall be completed within _____ business days (ten (10) if left blank) from acceptance.
[ ] Survey shall be completed within _____ business days (ten (10) if left blank) from acceptance.
[ ] Other_____ shall be completed within _____ business days (ten (10) if left blank) from acceptance.
[ ] Other_____ shall be completed within _____ business days (ten (10) if left blank) from acceptance.

**(B). SATISFACTION/REMOVAL OF INSPECTION CONTINGENCIES:**

1). If BUYER **does not** within the strict time period specified give to SELLER written notice of disapproved items or written notice of termination of this Agreement, BUYER shall conclusively be deemed to have: (a) completed applicable inspections, investigations, review of applicable documents and disclosures; (b) elected to proceed with the transaction and (c) assumed all liability, responsibility and expense for repairs or corrections other than for items which SELLER has otherwise agreed in writing to repair or correct.

2). If BUYER **does** within the strict time period specified give to SELLER written notice of termination of this Agreement based on an unsatisfactory inspection, the parties will have no obligation to continue with the transaction and the Earnest Money shall be returned to BUYER.

3). If BUYER **does** within the strict time period specified give to SELLER written notice of disapproved items, **it shall end BUYER's timeframe for inspections and is irrevocable.** BUYER shall provide to SELLER pertinent section(s) of written inspection reports upon request, if applicable. Upon receipt of written notice SELLER shall have 3____ business days (three [3] if left blank) in which to respond in writing. SELLER, at SELLER's option, may correct the items as specified by BUYER in the notice or may elect not to do so. If SELLER agrees in writing to correct items requested by BUYER, then both parties agree that they will continue with the transaction and proceed to closing. Immediately upon a written response from SELLER that rejects BUYER's requests, in whole or in part, BUYER may proceed under 10(B)(4) below.

4). If SELLER does not agree to correct BUYER's items within the strict time period specified, or SELLER does not respond in writing within the strict time period specified, then the BUYER has the option of either continuing the transaction without the SELLER being responsible for correcting these deficiencies or giving the SELLER written notice within 3____ business days (three [3] if left blank) that they will not continue with the transaction and will receive their Earnest Money back.

5). If BUYER **does not** give such written notice of cancellation within the strict time periods specified, BUYER shall conclusively be deemed to have elected to proceed with the transaction without repairs or corrections other than for items which SELLER has otherwise agreed in writing to repair or correct.

**(C).** Home Warranty Programs are available for purchase through a number of Home Warranty Companies.

**11. LEAD PAINT DISCLOSURE:** The subject PROPERTY [ ] is [X] is not defined as "Target Housing" regarding lead-based paint or lead-based paint hazards. The term lead-based paint hazards is intended to identify lead-based paint and all residual lead-containing dusts and soils **regardless of the source of the lead.** If yes, BUYER hereby acknowledges the following: (a) BUYER has been provided an EPA approved lead-based paint hazard information pamphlet, "Protect Your Family From Lead in Your Home", (b) receipt of SELLER's Disclosure of Information and Acknowledgment Form and have been provided with all records, test reports or other information, if any, related to the presence of lead-based paint hazards on said PROPERTY, (c) that this contract is contingent upon BUYERS right to have the PROPERTY tested for lead-based paint hazards to be completed no later than _____ or the contingency will terminate, (d) that BUYER hereby [X] waives [ ] does not waive this right, (e) that if test results show unacceptable amounts of lead-based paint on the PROPERTY, BUYER has the right to cancel the contract subject to the option of the SELLER (to be given in writing) to elect to remove the lead-based paint and correct the problem which must be accomplished before closing, (f) that if the contract is canceled under this clause, BUYER's earnest money deposit shall be returned to BUYER. Additionally, if any structure was built before 1978 and is a residential home, apartment or child-occupied facility such as a school or day-care center, federal law requires contractors that disturb lead-based paint in that structure to provide the owner with a "Renovate Right" pamphlet. The contractor shall be certified and follow specific work practices to prevent lead contamination.

**12. MOLD DISCLAIMER:** BUYER is hereby advised that mold and/or other microorganieme may exist at the Property. Upon closing BUYER **acknowledges and agrees to accept full responsibility and risk for any matters that may result from mold and/ or other microorganisms and to**

BUYER'S Initials (_____)(_____) Date 4-19-2018        SELLER'S Initials (_____)(_____) Date_____

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED.  ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

Serial#: 034123-200152-4160808
Prepared by: Wesley Leisy | Idaho Rocky Mountain Real Esta | wes@wesleisy.com | 2082372076

http://forms.formsimplicity.com/users/renderpdfviewer                                                                        3/7

<u>JULY 2017 EDITION</u>            RE-21 REAL ESTATE PURCHASE AND SALE AGREEMENT            Page 4 of 7

PROPERTY ADDRESS:  466 Vista  Drive, Pocatello, ID 83201                    ID#: RMREWL41918

202 hold SELLER and any Broker or agent representing SELLER or BUYER harmless from any liability or damages (financial or otherwise) relating to
203 such matters.
204
205 **13. SQUARE FOOTAGE VERIFICATION:** BUYER IS AWARE THAT ANY REFERENCE TO THE SQUARE FOOTAGE OF THE REAL PROPERTY
206 OR IMPROVEMENTS IS APPROXIMATE. IF SQUARE FOOTAGE IS MATERIAL TO THE BUYER, IT MUST BE VERIFIED DURING THE INSPECTION
207 PERIOD.
208
209 **14. SELLER'S PROPERTY CONDITION DISCLOSURE FORM:** If required by Title 55, Chapter 25 Idaho Code SELLER shall within ten (10)
210 calendar days after execution of this Agreement provide to BUYER or BUYER'S agent, "Seller's Property Condition Disclosure Form" or other acceptable
211 form. BUYER has received the "Seller's Property Condition Disclosure Form" or other acceptable form prior to signing this Agreement: ☒ Yes ☐ No ☐ N/A
212
213 **15. COVENANTS, CONDITIONS AND RESTRICTIONS (CC&Rs):** As part of the BUYER'S inspection of the PROPERTY as set forth in Section 10,
214 BUYER is responsible for obtaining and reviewing a copy of any CC&Rs which may affect the PROPERTY. BUYER shall have 6_____ business days (five
215 [5] if left blank) but in no event shall such time period exceed that time period set forth for inspections in Section 10, to review any CC&Rs that may affect the
216 PROPERTY. Unless BUYER delivers to SELLER a written and signed objection to the terms of any applicable CC&Rs with particularity describing BUYER'S
217 reasonable objections within such time period as set forth above, BUYER shall be deemed to have conclusively waived any objection to the terms of any
218 CC&Rs affecting the PROPERTY, nothing contained herein shall constitute a waiver of BUYER to challenge CC&Rs directly with a homeowners association
219 after closing. If BUYER timely and reasonably objects to a term of the CC&Rs, this Agreement shall terminate and the Earnest Money shall be returned to
220 BUYER.
221
222 **16. SUBDIVISION HOMEOWNER'S ASSOCIATION:** BUYER is aware that membership in a Home Owner's Association may be required and
223 BUYER agrees to abide by the Articles of Incorporation, Bylaws and rules and regulations of the Association. BUYER is further aware that the PROPERTY
224 may be subject to assessments levied by the Association described in full in the Declaration of Covenants, Conditions and Restrictions. BUYER has
225 reviewed Homeowner's Association Documents: ☐ Yes ☐ No ☒ N/A. Association fees/dues are $_____ per _____
226 ☐ BUYER ☐ SELLER ☐ Shared Equally ☒ N/A to pay Homeowner's Association SET UP FEE of $_____ and/or
227 ☐ BUYER ☐ SELLER ☐ Shared Equally ☒ N/A to pay Homeowner's Association PROPERTY TRANSFER FEES of $_____ at closing.
228
229 **17. COSTS PAID BY:** The parties agree to pay the following costs as indicated below. None of the costs to be paid by the parties in this section creates
230 an inspection or performance obligation other than strictly for the payment of costs unless otherwise stated. There may be other costs incurred in addition to
231 those set forth below. Such costs may be required by the lender, by law, or by other circumstances. Requested tests/inspection reports as indicated below
232 shall be provided to the other party within the time period specified in Section 10.
233 SELLER agrees to pay up to $500.00_____ ($0 if left blank) of lender required repair costs only.
234 BUYER or SELLER has the option to pay any lender required repair costs in excess of this amount.
235
236 **Upon closing SELLER agrees to pay** ☒ _____3% of the purchase price OR ☐ $_____ (dollar amount) (N/A if left
237 blank) of lender-approved BUYER'S closing costs, lender fees, and prepaid costs which include but are not limited to those items
238 in BUYER columns marked below. This concession can also be used for any other expense not related to financing at the
239 BUYER's discretion.

| | BUYER | SELLER | Shared Equally | N/A | | BUYER | SELLER | Shared Equally | N/A |
|---|---|---|---|---|---|---|---|---|---|
| Appraisal Fee | x | | | | Title Ins. Standard Coverage Owner's Policy | | x | | |
| Appraisal Re-Inspection Fee | | x | | | Title Ins. Extended Coverage Lender's Policy – Mortgagee Policy | x | | | |
| Closing Escrow Fee | | | x | | Additional Title Coverage | x | | | |
| Lender Document Preparation Fee | x | | | | Domestic Well Water Potability Test Shall be ordered by: ☐ BUYER ☐ SELLER | | | | x |
| Tax Service Fee | | x | | | Domestic Well Water Productivity Test Shall be ordered by: ☐ BUYER ☐ SELLER | | | | x |
| Flood Certification/Tracking Fee | | x | | | Septic Inspections Shall be ordered by: ☐ BUYER ☐ SELLER | | | | |
| Lender Required Inspections | x | | | | Septic Pumping Shall be ordered by: ☐ BUYER ☐ SELLER | | | | |
| Attorney Contract Preparation or Review Fee | | | | x | Survey Shall be ordered by: ☐ BUYER ☐ SELLER | | | | x |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

240
241 **18.OCCUPANCY:** BUYER ☒ does ☐ does not intend to occupy PROPERTY as BUYER'S primary residence.
242

BUYER'S Initials (_CK_)(_WR_) Date 4-19-2018            SELLER'S Initials (_____)(_____) Date_____

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the
Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED.  ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

<u>JULY 2017 EDITION</u>            RE-21 REAL ESTATE PURCHASE AND SALE AGREEMENT            Page 4 of 7

Serial#: 034123-200152-4160808
Prepared by: Wesley Leisy | Idaho Rocky Mountain Real Esta | ives@wesleisy.com | 2082372078

4/19/2018                                                                                                Form Simplicity

<u>JULY 2017 EDITION</u>                    RE-21 REAL ESTATE PURCHASE AND SALE AGREEMENT                    Page 5 of 7

PROPERTY ADDRESS:  466 Vista  Drive, Pocatello, ID 83201                              ID#: RMREWL41918

**19. RISK OF LOSS OR NEGLECT:** Prior to closing of this sale, all risk of loss shall remain with SELLER. In addition, should the PROPERTY be materially damaged by fire, neglect, or other destructive cause prior to closing, this agreement shall be voidable at the option of the BUYER.

**20. WALK THROUGHS:** The SELLER grants BUYER and any representative of BUYER reasonable access to conduct two walk through inspections of the PROPERTY NOT AS A CONTINGENCY OF THE SALE, but for the following stated purposes: first walkthrough shall be within 1-2  business days (three [3] if left blank) after the deadline for completion of repairs agreed to as a result of the Buyer's Inspection Contingency for the purpose of satisfying BUYER that any repairs agreed to in writing by BUYER and SELLER have been completed. The second walkthrough shall be within 1-2  business days (three [3] if left blank) prior to close of escrow, for the purpose of satisfying BUYER that PROPERTY is in substantially the same condition as on the date this offer is made. SELLER shall make PROPERTY available for the walk throughs and agrees to accept the responsibility and expense for making sure all the utilities are turned on for the walk throughs except for phone and cable. If BUYER does not conduct either of the walk throughs, BUYER specifically releases the SELLER and Broker(s) and their associates of any liability as to incomplete repairs and/or any changed conditions.

**21. SINGULAR AND PLURAL** terms each include the other, when appropriate.

**22. FORECLOSURE NOTICE:** If the PROPERTY described above is currently involved in a foreclosure proceeding (pursuant to Idaho Code §45-1506) any contract or agreement with the owner or owners of record that involves the transfer of any interest in residential real property, as defined in §45-525(5)(b), Idaho Code, subject to foreclosure must be in writing and must be accompanied by and affixed to RE-42 Property Foreclosure Disclosure Form.

**23. MECHANIC'S LIENS - GENERAL CONTRACTOR DISCLOSURE STATEMENT NOTICE:** BUYER and SELLER are hereby notified that, subject to Idaho Code §45-525 et seq., a "General Contractor" must provide a Disclosure Statement to a homeowner that describes certain rights afforded to the homeowner (e.g. lien waivers, general liability insurance, extended policies of title insurance, surety bonds, and sub-contractor information). The Disclosure Statement must be given to a homeowner prior to the General Contractor entering into any contract in an amount exceeding $2,000 with a homeowner for construction, alteration, repair, or other improvements to real property, or with a residential real property purchaser for the purchase and sale of newly constructed property. Such disclosure is the responsibility of the General Contractor and is not the duty of your agent to obtain this information on your behalf. You are advised to consult with any General Contractor subject to Idaho Code §45-525 et seq. regarding the General Contractor Disclosure Statement.

**24. SALES PRICE INFORMATION:** Pursuant to Idaho Code §54-2083(6)(d), a "sold" price of real property is not confidential client information.

**25. TRANSMISSION OF DOCUMENTS:** Facsimile or electronic transmission of any signed original document, and retransmission of any signed facsimile or electronic transmission shall be the same as delivery of an original. At the request of either the BUYER or SELLER, or the LENDER, or the Closing Agency, the BUYER and SELLER will confirm facsimile or electronic transmitted signatures by signing an original document.

**26. BUSINESS DAYS:** A business day is herein defined as Monday through Friday, 8:00 A.M. to 5:00 P.M. in the local time zone where the subject real PROPERTY is physically located. A business day shall not include any Saturday or Sunday, nor shall a business day include any legal holiday recognized by the state of Idaho as found in Idaho Code §73-108. If the time in which any act required under this agreement is to be performed is based upon a business day calculation, then it shall be computed by excluding the calendar day of execution and including the last business day. The first business day shall be the first business day after the date of execution. If the last day is a legal holiday, then the time for performance shall be the next subsequent business day.

**27. CALENDAR DAYS:** A calendar day is herein defined as Monday through Sunday, midnight to midnight, in the local time zone where the subject real PROPERTY is physically located. A calendar day shall include any legal holiday. The time in which any act required under this agreement is to be performed shall be computed by excluding the date of execution and including the last day, thus the first day shall be the day after the date of execution. Any reference to "day" or "days" in this agreement means the same as calendar day, unless specifically enumerated as a "business day."

**28. ATTORNEY'S FEES:** If either party initiates or defends any arbitration or legal action or proceedings which are in any way connected with this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party reasonable costs and attorney's fees, including such costs and fees on appeal.

**29. DEFAULT:** <u>If BUYER defaults</u> in the performance of this Agreement, SELLER has the option of: (1) accepting the Earnest Money as liquidated damages or (2) pursuing any other lawful right and/or remedy to which SELLER may be entitled. If SELLER elects to proceed under (1), SELLER shall make demand upon the holder of the Earnest Money, upon which demand said holder shall pay from the Earnest Money the costs incurred by SELLER'S Broker on behalf of SELLER and BUYER related to the transaction, including, without limitation, the costs of title insurance, escrow fees, appraisal, credit report fees, inspection fees and attorney's fees; and said holder shall pay any balance of the Earnest Money, one-half to SELLER and one-half to SELLER'S Broker, provided that the amount to be paid to SELLER'S Broker shall not exceed the Broker's agreed-to commission. SELLER and BUYER specifically acknowledge and agree that if SELLER elects to accept the Earnest Money as liquidated damages, such shall be SELLER'S sole and exclusive remedy, and such shall not be considered a penalty or forfeiture. If SELLER elects to proceed under (2), the holder of the Earnest Money shall be entitled to pay the costs incurred by SELLER'S Broker on behalf of SELLER and BUYER related to the transaction, including, without limitation, the costs of brokerage fee, title insurance, escrow fees, appraisal, credit report fees, inspection fees and attorney's fees, with any balance of the Earnest Money to be held pending resolution of the matter. <u>If SELLER defaults</u>, having approved said sale and fails to consummate the same as herein agreed, BUYER'S Earnest Money deposit shall be returned to him/her and SELLER shall pay for the costs of title insurance, escrow fees, appraisals, credit report fees, inspection fees, brokerage fees and attorney's fees, if any. This shall not be considered as a waiver by BUYER of any other lawful right or remedy to which BUYER may be entitled.

**30. EARNEST MONEY DISPUTE / INTERPLEADER:** Notwithstanding any termination or breach of this Agreement, BUYER and SELLER agree that in the event of any controversy regarding the Earnest Money and things of value held by Broker or closing agency, Broker may reasonably rely on the terms of this Agreement or other written documents signed by both parties to determine how to disburse the disputed money. However, Broker or closing agency shall not be required to take any action but may await any proceeding, or at Broker's or closing agency's option and sole discretion, may interplead all parties

BUYER'S Initials (       )(        ) Date 4-19-2018        SELLER'S Initials (        )(        ) Date_____

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

<u>JULY 2017 EDITION</u>                    RE-21 REAL ESTATE PURCHASE AND SALE AGREEMENT                    Page 5 of 7

Serial#: 034123-200152-4160808
Prepared by: Wesley Leisy | Idaho Rocky Mountain Real Esta | wes@wesleisy.com | 2082372078

4/19/2018                                                                    Form Simplicity

<u>JULY 2017 EDITION</u>          RE-21 REAL ESTATE PURCHASE AND SALE AGREEMENT          Page 6 of 7

PROPERTY ADDRESS:  466 Vista  Drive, Pocatello, ID 83201          ID#: RMREWL41918

310 and deposit any moneys or things of value into a court of competent jurisdiction and shall recover all costs which were incurred as a result of the dispute
311 including, but not limited to, reasonable attorney's fees. If either parties' Broker incurs attorney's fees as a result of any Earnest Money dispute, whether or
312 not formal legal action is taken, said Broker is entitled to recover actual fees incurred from either BUYER or SELLER.
313

314 **31. COUNTERPARTS:** This Agreement may be executed in counterparts. Executing an agreement in counterparts shall mean the signature of two
315 identical copies of the same agreement. Each identical copy of an agreement signed in counterparts is deemed to be an original, and all identical copies
316 shall together constitute one and the same instrument.
317

318 **32. "NOT APPLICABLE" DEFINED:** The letters "n/a," "N/A," "n.a.," and  "N.A. " as used herein are abbreviations of the term "not applicable." Where this
319 agreement uses the term "not applicable" or an abbreviation thereof, it shall be evidence that the parties have contemplated certain facts or conditions and
320 have determined that such facts or conditions do not apply to the agreement or transaction herein.
321

322 **33. SEVERABILITY:** In the case that any one or more of the provisions contained in this Agreement, or any application thereof, shall be invalid, illegal or
323 unenforceable in any respect, the validity, legality or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.
324

325 **34. REPRESENTATION CONFIRMATION:** Check one (1) box in Section 1 and one (1) box in Section 2 below to confirm that in this transaction, the
326 brokerage(s) involved had the following relationship(s) with the BUYER(S) and SELLER(S).
327

328 Section 1:
329 ☐ A. **The brokerage working with the BUYER(S) is acting as an AGENT for the BUYER(S).**
330 ☐ B. **The brokerage working with the BUYER(S) is acting as a LIMITED DUAL AGENT for the BUYER(S), without an ASSIGNED AGENT.**
331 ☐ C. **The brokerage working with the BUYER(S) is acting as a LIMITED DUAL AGENT for the BUYER(S) and has an ASSIGNED AGENT**
332 **acting solely on behalf of the BUYER(S).**
333 ☒ D. **The brokerage working with the BUYER(S) is acting as a NONAGENT for the BUYER(S).**
334

335 Section 2:
336 ☒ A. **The brokerage working with the SELLER(S) is acting as an AGENT for the SELLER(S).**
337 ☐ B. **The brokerage working with the SELLER(S) is acting as a LIMITED DUAL AGENT for the SELLER(S), without an ASSIGNED AGENT.**
338 ☐ C. **The brokerage working with the SELLER(S) is acting as a LIMITED DUAL AGENT for the SELLER(S) and has an ASSIGNED AGENT**
339 **acting solely on behalf of the SELLER(S).**
340 ☐ D. **The brokerage working with the SELLER(S) is acting as a NONAGENT for the SELLER(S).**
341

342 Each party signing this document confirms that he has received, read and understood the Agency Disclosure Brochure adopted or approved by the Idaho
343 real estate commission and has consented to the relationship confirmed above. In addition, each party confirms that the brokerage's agency office policy
344 was made available for inspection and review. EACH PARTY UNDERSTANDS THAT HE IS A "CUSTOMER" AND IS NOT REPRESENTED BY A
345 BROKERAGE UNLESS THERE IS A SIGNED WRITTEN AGREEMENT FOR AGENCY REPRESENTATION.
346

347 **35. CLOSING:** On or before the closing date, BUYER and SELLER shall deposit with the closing agency all funds and instruments necessary to complete
348 this transaction. **Closing means the date on which all documents are either recorded or accepted by an escrow agent and the sale proceeds are
349 available to SELLER.** The closing shall be no later than (Date) June 8, 2018                                    .
350

351 The parties agree that the **CLOSING AGENCY** for this transaction shall be AmeriTitle Company
352

353 located at 1523 Yellowstone Ave., Pocatello, ID  83201                                                        .
354

355 If a long-term escrow / collection is involved, then the long-term escrow holder shall be **N/A**
356                                                                                                            .
357

358 **36. POSSESSION:** BUYER shall be entitled to possession ☒ upon closing or ☐ date_____ time_____ ☐ A.M. ☐ P.M.
359

360 **37. PRORATIONS:** Property taxes and water assessments (using the last available assessment as a basis), rents, interest and reserves, liens,
361 encumbrances or obligations assumed, and utilities shall be prorated ☒ upon closing or as of ☐ date_____ .
362 BUYER to reimburse SELLER for fuel in tank ☐ Yes ☐ No ☒ N/A. Dollar amount may be determined by SELLER's supplier.
363

364 **38. ASSIGNMENT:** This Agreement and any rights or interests created herein ☐ may ☒ may not be sold, transferred, or otherwise assigned.
365

366 **39. ENTIRE AGREEMENT:** This Agreement contains the entire Agreement of the parties respecting the matters herein set forth and supersedes all prior
367 Agreements between the parties respecting such matters.
368

369 **40. TIME IS OF THE ESSENCE IN THIS AGREEMENT.**
370

371 **41. AUTHORITY OF SIGNATORY:** If BUYER or SELLER is a corporation, partnership, trust, estate, or other entity, the person executing this
372 agreement on its behalf warrants his or her authority to do so and to bind BUYER or SELLER.
373

374 **42. ACCEPTANCE:** This offer is made subject to the acceptance, counter or rejection of SELLER and BUYER on or before (Date) April 20, 2018
375 at (Local Time in which PROPERTY is located) 4:15_____ ☐ A.M. ☒ P.M.

BUYER'S Initials (          )(          ) Date  4-19-2018          SELLER'S Initials (          )(          ) Date_____

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the
Idaho Association of REALTORS®.  USE BY ANY OTHER PERSON IS PROHIBITED.  ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

<u>JULY 2017 EDITION</u>          RE-21 REAL ESTATE PURCHASE AND SALE AGREEMENT          Page 6 of 7

Serial#: 034123-200152-4160808
Prepared by: Wesley Leisy | Idaho Rocky Mountain Real Esta |  wes@wesleisy.com |  2082372078

4/19/2018                                     Form Simplicity

PROPERTY ADDRESS: 466 Vista Drive, Pocatello, ID 83201          ID#: RMREWL41918

## 43. BUYER'S SIGNATURES:

☐ SEE ATTACHED BUYER'S ADDENDUM(S): _____ (Specify number of BUYER addendum(s) attached.)
☐ SEE ATTACHED BUYER'S EXHIBIT(S): _____ (Specify number of BUYER exhibit(s) attached.)

☐ BUYER does currently hold an active Idaho real estate license. ☐ BUYER is related to agent.

BUYER Signature _James Ruchti_     BUYER (Print Name) _James D. Ruchti_
Date _4-19-2018_ Time _12:15_ ☐ A.M. ☒ P.M.  Phone # _____ Cell # _____
Address _5100 Pinyon Rd., Pocatello, Idaho 83204_
E-Mail _____     Fax # _____

------------------------------------------------------------------------

☐ BUYER does currently hold an active Idaho real estate license. ☐ BUYER is related to agent.

BUYER Signature _Wendy Ruchti_     BUYER (Print Name) _Wendy Ruchti_
Date _4-19-2018_ Time _12:15_ ☐ A.M. ☒ P.M.  Phone # _____ Cell # _____
Address _5100 PINYON RD Pocatello, ID 83204_
E-Mail _____     Fax # _____

## 44. SELLER'S SIGNATURES: On this date, I/We hereby approve and accept the transaction set forth in the above Agreement and agree to carry out all the terms thereof on the part of the SELLER.

☐ SIGNATURE(S) SUBJECT TO ATTACHED COUNTER OFFER
☐ SIGNATURE(S) SUBJECT TO ATTACHED ADDENDUM(S) # _____
☐ SIGNATURE(S) SUBJECT TO ATTACHED EXHIBIT(S) # _____

☐ SELLER does currently hold an active Idaho real estate license. ☐ SELLER is related to agent.

SELLER Signature _____     SELLER (Print Name) _____
Date _____ Time _____ ☐ A.M. ☐ P.M.  Phone # _____ Cell # _____
Address _____
E-Mail _____     Fax # _____
CONTRACTOR REGISTRATION # (if applicable) _____

------------------------------------------------------------------------

☐ SELLER does currently hold an active Idaho real estate license. ☐ SELLER is related to agent.

SELLER Signature _____     SELLER (Print Name) _____
Date _____ Time _____ ☐ A.M. ☐ P.M.  Phone # _____ Cell # _____
Address _____
E-Mail _____     Fax # _____
CONTRACTOR REGISTRATION # (if applicable) _____

## LATE ACCEPTANCE

If acceptance of this offer is received after the time specified, it shall not be binding on the BUYER unless BUYER approves of said acceptance within _____ calendar days (three [3] if left blank) by BUYER initialing HERE (_____)(_____) Date _____
If BUYER timely approves of SELLER's late acceptance, an initialed copy of this page shall be immediately delivered to SELLER.

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

Serial#: 034123-200152-4160808
Prepared by: Wesley Leisy | Idaho Rocky Mountain Real Esta | wes@wesleisy.com | 2082372078



JULY 2016 EDITION
Page 1 of 5

# RE-25 SELLER'S PROPERTY CONDITION DISCLOSURE FORM

Seller's Name(s): *Jon and Rebecca Perisol*  Date: *4.9.18*

Property Address: *46 Vista Pocatello ID 83201*

Section 55-2501, et seq., Idaho Code, requires **SELLERS** of residential real property to complete a property condition disclosure form and deliver a signed and dated copy of the completed disclosure form to each prospective transferee or his agent within ten (10) calendar days of transferor's acceptance of transferee's offer. "Residential Real Property" means real property that is improved by a building or other structure that has one (1) to four (4) dwelling units or an individually owned unit in a structure of any size. This also applies to real property which has a combined residential and commercial use.

---

*The referenced property herein is exempt from the code because of Section 55-2505 for any of the following reasons:*

☐ A transfer pursuant to court order including, but not limited to a transfer ordered by a probate court during the administration of the decedent's estate, a transfer pursuant to a writ of execution, a transfer by a trustee in bankruptcy, a transfer as a result of the exercise of the power of eminent domain, and a transfer that results from a decree for a specific performance of a contract or other agreement between persons:

☐ A transfer to a mortgagee by a mortgagor by deed in lieu of foreclosure or in satisfaction of the mortgage debt:

☐ A transfer to a beneficiary of a deed of trust by trustor in default:

☐ A transfer by a foreclosure sale that follows a default in the satisfaction of an obligation secured by a mortgage:

☐ A transfer by a sale under a power of sale following a default in the satisfaction of an obligation that is secured by a deed of trust or another instrument containing a power of sale occurring within one (1) year of foreclosure on the default:

☐ A transfer by a mortgagee, or beneficiary under a deed of trust, who has acquired the residential real property at a sale conducted pursuant to a power of sale under a mortgage or deed of trust or who has acquired the residential real property by a deed in lieu of foreclosure:

☐ A transfer by a fiduciary in the course of the administration of a decedent's estate, a guardianship, a conservatorship or a trust:

☐ A transfer from one (1) co-owner to one (1) or more other co-owners:

☐ A transfer made to the transferor's spouse or to one (1) or more persons in the lineal line of consanguinity of one (1) or mo re of the transferors:

☐ A transfer between spouses or former spouses as a result of a decree of divorce, dissolution of marriage, annulment or legal separation or as a result of a property settlement agreement incidental to a decree of divorce, dissolution of marriage, annulment or legal separation.

☐ A transfer to or from the state, a political subdivision of the state, or another governmental entity:

☐ A transfer that involved newly constructed residential real property, that previously has not been inhabited, except as required by questions 1, 2 and 3:

☐ A transfer to a transferee who has occupied the property as a personal residence for one (1) or more years immediately prior to the transfer:

☐ A transfer from a transferor who has both not occupied the property as a personal residence within one (1) year immediately prior to the transfer and has acquired the property through inheritance or devise:

☐ A transfer by a relocation company to a transferee within one (1) year from the date that the previous owner occupied the property:

☐ A transfer from a decedent's estate:

**If the referenced property herein is exempt from the Seller Property Condition Disclosure Act, Idaho Code section 55 - 2501 et seq., for any of the aforementioned reasons, Seller is not obligated to complete the remainder of this disclosure form in any manner. Seller certifies that he/she is exempt from the Seller's disclosure by checking the applicable box above and signing this form on the line(s) below.**

| | | | |
|---|---|---|---|
| SELLER | DATE | SELLER | DATE |
| BUYER | DATE | BUYER | DATE |

---

Notwithstanding that transfer of newly constructed residential real property that previously has not been inhabited is exempt from disclosure pursuant to section 55-2505, Idaho Code, **SELLERS** of such newly constructed and non-exempt existing residential real property shall disclose information regarding annexation and city services in the form as prescribed in questions **1, 2, and 3**.

1. *Is the property located in an area of city impact, adjacent or contiguous to a city limit, and thus legally subject to annexation by the city?*
   ☐ Yes   ☐ No   ☐ Do Not Know   ☒ The property is already within city limits

2. *Does the property, if not within city limits, receive any city services, thus making it legally subject to annexation by the city?*
   ☐ Yes   ☐ No   ☐ Do Not Know   ☒ The property is already within city limits

3. *Does the property have a written consent to annex recorded in the county recorder's office, thus making it legally subject to annexation by the city?*
   ☐ Yes   ☐ No   ☐ Do Not Know   ☒ The property is already within city limits

BUYER'S Initials ( *RX  WR* ) Date *4-19-2018*   SELLER'S Initials ( *N*  X ) Date *4-9-18*

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided fo r use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

Serial#: 025940-000146-8163686
Prepared by:Tracy Bixby | HomeLand Real Estate ID | tracy@bixbyteam.com |

*formsimplicity*

PROPERTY ADDRESS: *466 Vista Pocatello, ID  83201*

If the referenced property herein is not exempt from the code for any of the above reasons, complete the following pages.
THE PURPOSE OF THE STATEMENT: This is a statement made by the SELLER of the conditions and information concerning the
property known by the SELLER. This is NOT a statement of any agent representing the SELLER and no agent is authorized to make
representations, or verify representations, concerning the condition of the property. Unless otherwise advised, the SELLER does not
possess any expertise in construction, architectural, engineering or any other specific areas related to the construction or condition of the
improvements on the property. Other than having lived at or owning the property, the SELLER possesses no greater knowledge than that
which could be obtained upon careful inspection of the property by the potential BUYER. Unless otherwise advised, the SELLER has not
conducted any inspection of generally inaccessible areas such as the foundation or roof. This disclosure is not a warranty of any kind by
the SELLER or by any agent representing the SELLER in this transaction. It is not a substitute for any inspections. The BUYER is
encouraged to obtain his/her own professional inspections.

THE FOLLOWING ARE IN THE CONDITIONS INDICATED:

| APPLIANCES SECTION | None/Not Included | Working | Not Working | Do Not Know | Remarks |
|---|---|---|---|---|---|
| Built-in Vacuum System | X | | | | |
| Clothes Dryer | X | | | | |
| Clothes Washer | X | | | | |
| Dishwasher | | X | | | |
| Disposal | | X | | | |
| Refrigerator | | X | | | |
| Kitchen Vent Fan/Hood | | X | | | |
| Microwave Oven | | X | | | |
| Oven(s)/ Range(s)/Cook top(s) | | X | | | |
| Trash Compactor | X | | | | |

| ELECTRICAL SYSTEMS SECTION | None/Not Included | Working | Not Working | Do Not Know | Remarks |
|---|---|---|---|---|---|
| Security System(s) | X | | | | |
| Garage Door Opener(s)/Control(s) | | X | | | |
| Light Fixtures | | X | | | |
| Smoke Detector(s)/Fire Alarm(s) | | X | | | |
| Carbon Monoxide Detector(s) | | X | | | |

| HEATING & COOLING SYSTEMS SECTION | None/Not Included | Working | Not Working | Do Not Know | Remarks |
|---|---|---|---|---|---|
| Attic Fan(s) | | X | | | |
| Central Air Conditioning | | X | | | |
| Room Air Conditioner(s) | | X | | | |
| Evaporative Cooler(s) | X | | | | |
| Fireplace(s) | | X | | | |
| Fireplace Insert(s) | | X | | | |
| Furnace/Heating System(s) | | X | | | |
| Humidifier(s) | X | | | | |
| Wood/Pellet Stove(s) | X | | | | |
| Air Cleaner(s) | X | | | | |

| FUEL TANK SECTION | N/A ( )    Propane ( )    Oil ( )    Diesel ( )    Gasoline ( )    Other ( ) |
|---|---|
| Location: | Size: |
| In Use: ( )    Not In Use: ( )    Above Ground: ( )    Buried: ( )    Owned: ( )    Leased: ( ) |

BUYER'S Initials ( *LC* )( *WR* ) Date *4-19-2018*          SELLER'S Initials ( *AW* )( *MD* ) Date *4-9-18*

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the
Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

Serial#: 025940-000148-6163686
Prepared by: Tracy Bixby | HomeLand Real Estate ID | tracy@bixbyteam.com |

formsimplicity

JULY 2016 EDITION              RE-25 SELLER'S PROPERTY CONDITION DISCLOSURE FORM              Page 3 of 5

PROPERTY ADDRESS: _4lele Vista  Pocatello ID 83201_

| MOISTURE & DRAINAGE CONDITIONS SECTION | Yes | No | Do Not Know | Remarks |
|---|---|---|---|---|
| Is the property located in a floodplain? | | ✓ | | |
| Are you aware of any site drainage problems? | Y | | | French DRAIN |
| Has there been any water intrusion or moisture related damage to any portion of the property, including, but not limited to, the crawlspace, floors, walls, ceilings, siding, or basement, based on flooding; moisture seepage, moisture condensation, sewer overflow/ backup, or leaking pipes, plumbing fixtures, appliances, or moisture related damage from other causes? | | ✓ | | |
| Have you had the property inspected for the existence of any types of mold? | | ✓ | | |
| If the property has been inspected for mold, is a copy of the inspection report available? | | ✓ | | |
| Are you aware of the existence of any mold-related problems on any interior portion of the property, including but not limited to, floors, walls, ceilings, basement, crawlspaces, and attics, or any mold-related structural damage? | | ✓ | | |
| Have you ever had any water intrusion, moisture related damage, mold or mold-related problems on the property remediated, repaired, fixed or replaced? | | ✓ | | |

| WATER & SEWER SYSTEMS SECTION | None/Not Included | Working | Not Working | Do Not Know | Remarks |
|---|---|---|---|---|---|
| Hot Tub/Spa and Equipment | ✓ | | | | |
| Pool and Pool Equipment | ✓ | | | | |
| Plumbing System – Faucets and Fixtures | | ✓ | | | |
| Water Heater(s) | | ✓ | | | |
| Water Softener (owned) | | ✓ | | | |
| Water Softener (leased) | | | | | |
| Landscape Sprinkler System | | ✓ | | | |
| Septic System | | | | | |
| Sump Pump/Lift Pump | | ✓ | | | |

| WATER SOURCE & TYPE SECTION | Public System (City/Municipal) | Community System | Private System (Well, Cistern, etc) | Other/Remarks |
|---|---|---|---|---|
| Domestic Water Provided By: | ✓ | | | |
| Landscape Water Provided By: | ✓ | | | |
| Irrigation Water Provided By: | ✓ | | | |

| | Yes | No | Do Not Know | Other/Remarks |
|---|---|---|---|---|
| Shared Well | | | | |
| Shared Well Agreement | | | | |

| SEWER SYSTEM TYPE SECTION | Public System (City/Municipal) | Community System | Private System | Other/Remarks |
|---|---|---|---|---|
| Property Sewer Provided By: | | | | |
| If a Private system, please provide the following information about the septic system: | Date Last Pumped   /   / | Is there a Maintenance Fee?  ☐ Yes   ☐ No | If Yes, list amount & explain monthly or annual fee? | |

BUYER'S Initials ( _____ )( _____ ) Date _4-19-2018_          SELLER'S Initials ( _____ )( _____ ) Date _40-18_

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

JULY 2016 EDITION              RE-25 SELLER'S PROPERTY CONDITION DISCLOSURE FORM              Page 3 of 5

formsimplicity

JULY 2016 EDITION                    RE-25 SELLER'S PROPERTY CONDITION DISCLOSURE FORM                    Page 4 of 5

PROPERTY ADDRESS: _466 Vista  Pocatello  ID  83201_

| ROOF SECTION: Age: ☐ UNKNOWN | Yes | No | Do Not Know | Remarks |
|---|---|---|---|---|
| Is there present damage to the roof? | | X | | |
| Does the roof leak? | | X | | |

| SIDING SECTION: Age: ☐ UNKNOWN | | | | |
|---|---|---|---|---|
| Are there any problems with the siding? | | | | |

| HAZARDOUS CONDITIONS SECTION | Yes | No | Do Not Know | Remarks |
|---|---|---|---|---|
| Are you aware of any asbestos, radon, or other toxic or hazardous materials on the property? | | X | | |
| Is there a radon mitigation system? | | X | | |
| Has the property ever been used as an illegal drug manufacturing site? | | X | | |
| Are you aware of any current or previous insect, rodent or other pest infestation(s) on the property? | | X | | |
| Have you ever had the property serviced by an exterminator or had the property otherwise remediated for insect, rodent or other pest infestation(s)? | | X | | |
| Is there any damage due to wind, fire, or flood? | | X | | |

| OTHER DISCLOSURES SECTION | Yes | No | Do Not Know | Remarks |
|---|---|---|---|---|
| Are there any conditions that may affect your ability to clear title such as encroachments, easements, zoning violations, lot line disputes, restrictive covenants, etc.? | | X | | |
| Has the property been surveyed since you owned it? | | X | | |
| Have you received any notices by any governmental or quasi-governmental entity affecting this property; i.e. Local improvement district (LID) or zoning changes, etc.? | | X | | |
| Are there any structural problems with the improvements? | | X | | |
| Are there any structural problems with the foundation? | | X | | |
| Have any substantial additions or alterations been made without a building permit? | | X | | |
| Has the fireplace/wood stove/chimney/flue been inspected? | | X | | |
| Has the fireplace/wood stove/chimney/flue been cleaned? | | X | | |
| Have you ever filed a homeowner's insurance claim on the property? | | X | | |
| Are you aware or is there reason to believe that the home is located in a historic district or is a historic landmark? | | X | | |
| Are all mineral rights appurtenant to the property included, unencumbered, and part of the sale of this property? | | X | | |
| Has the home on this property ever been moved? | | X | | |
| Is there a private road to this property? | | X | | |
| Is there a shared road agreement for this property? | | X | | |

| ADDITIONAL REMARKS AND/OR EXPLANATIONS SECTION: | Yes | No | Do Not Know | If yes, explain in the lines below |
|---|---|---|---|---|
| Are you aware of any other existing problems concerning the property including legal, physical, product defects or other items that are not already listed? | | X | | |

BUYER'S Initials ( _MK_ x _WR_ ) Date _4-19-2018_        SELLER'S Initials ( _AP_ x _bp_ ) Date _4-9-18_

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

JULY 2016 EDITION                    RE-25 SELLER'S PROPERTY CONDITION DISCLOSURE FORM                    Page 4 of 5

formsimplicity

PROPERTY ADDRESS: _466 Vista Pocatello ID 83201_

The SELLER certifies that the information herein is true and correct to the best of the SELLER'S knowledge as of the date signed by the SELLER. The SELLER is familiar with the residential property and each act performed in making a disclosure of an item of information is made and performed in good faith.

SELLER and BUYER understand and acknowledge that the statements contained herein are the representations of the SELLER regarding the condition of the property. No statement made herein is a statement of a SELLER'S agent or agents, and no agent is authorized to make any statement, or verify any statement, relating to the condition of the property. SELLER and BUYER also understand and acknowledge that SELLER in no way warrants or guarantees the above information regarding the property. SELLER and BUYER also understand and acknowledge that, unless otherwise specifically set forth, no agent of the SELLER is an expert in environmental or other conditions which are or may be hazardous to human health, and which may exist on the property. BUYER MAY, AT BUYER'S OPTION AND EXPENSE, CONSULT WITH ANY INDEPENDENT QUALIFIED INSPECTOR TO ASSESS OR DETECT THE PRESENCE OF SUCH KNOWN OR SUSPECTED HAZARDOUS CONDITIONS.

SELLER and BUYER understand that Listing Broker and Selling Broker in no way warrant or guarantee the above information on the property.

SELLER hereby acknowledges receipt of a copy of this form:

SELLER _____   DATE _4-9-18_          SELLER _____   DATE _4-9-18_

BUYER hereby acknowledges receipt of a copy of this disclosure BUYER may only exercise BUYER'S statutory right to rescind the purchase and sale agreement within **three (3) business days** following receipt of this disclosure statement by a written, signed and dated document that is delivered to the seller or his agents by personal delivery, ordinary or certified mail, or facsimile transmission. Per statute BUYER'S rescission must be based on a specific objection to a disclosure in the disclosure statement. The notice of statutory rescission must specifically identify the disclosure objected to by the BUYER. If no signed notice of rescission is received by the SELLER within the **three (3) business day** period, BUYER's statutory right to rescind is waived. The statutory rescission referenced in this section is separate and distinct from, and does not affect, any rescission, cancellation, or contingency term enumerated in any other written document related to this transaction, including but not limited to the purchase and sale agreement.

BUYER _____   DATE _4-19-2018_          BUYER _____   DATE _4-19-2018_

**AMENDED DISCLOSURE FORM:** Subsequent to the delivery of the initial SELLER'S Property Condition Disclosure Form previously acknowledged, SELLER hereby makes the following amendments. (Attach additional pages if necessary.) Other than those amendments made below, the SELLER states that there have been no changes to the information contained in the initial SELLER'S Property Condition Disclosure Form. **IF THERE ARE NO UPDATES, THERE IS NO NEED TO SIGN BELOW.**

_____

_____

_____

_____

SELLER hereby acknowledges receipt of this amended form:

SELLER _____   DATE _____          SELLER _____   DATE _____

BUYER hereby acknowledges receipt of a copy of this amended disclosure BUYER may only exercise BUYER'S statutory right to rescind the purchase and sale agreement within **three (3) business days** following receipt of this amended disclosure statement by a written, signed and dated document that is delivered to the seller or his agents by personal delivery, ordinary or certified mail, or facsimile transmission. Per statute BUYER'S rescission must be based on a specific objection to a disclosure in the disclosure statement. The notice of statutory rescission must specifically identify the disclosure objected to by the BUYER. If no signed notice of rescission is received by the SELLER within the **three (3) business day** period, BUYER's statutory right to rescind is waived. The statutory rescission referenced in this section is separate and distinct from, and does not affect, any rescission, cancellation, or contingency term enumerated in any other written document related to this transaction, including but not limited to the purchase and sale agreement.

BUYER _____   DATE _____          BUYER _____   DATE _____

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

JULY 2016 EDITION          RE-25 SELLER'S PROPERTY CONDITION DISCLOSURE FORM          Page 5 of 5

Serial#: 025940-000148-6163586
Prepared by: Tracy Bixby | HomeLand Real Estate iO | tracy@bixbyteam.com |

formsimplicity

# realtor.com®

Log In

Sign Up

Advertise

Buy

Sell

Rent

Mortgage

Find Realtors®

My Home

News & Insights

Advertise

| Pocatello, ID | ✕ | | Public | Owner |





📷 1 / 35

Est. **$370,400** ⓘ

 Track Your Home Value

📍
**Map**

**4**
beds

**3.5**
baths

**3,703**
sq ft

**0.46**
acres lot

**Commute Time**     466 Vista Dr, Pocatello, ID 83201

⤳ Share        ✏ Edit Facts

Request a FREE Analysis

**Property Overview** - Million dollar views with a custom built home to match!! Built in 2009, this 4 bedroom, 3 and a half bath home is spectacular! With its ceiling to floor windows, vaulted ceiling, main floor living room with an eye pleasing gas fireplace, beautiful custom kitchen with tons of granite counter tops and lots of custom cabinetry, not to Read More ⌄

**85.29%**

More expensive than
nearby properties ⓘ

**$58.50K**

Since last listed
in 2018 ⓘ

**$1,272**

Rental Estimate ⓘ

# Own this home?

Check out your owner dashboard to:

- Track your home's value and comps
- Update the important details and photos
- Easily compare similar homes in your area

Claim your home

# Home Value

466 Vista Dr is likely to appreciate by 6% in the next year, based on the latest home price index. In the last 5 years, this home has increased its value by 8%.



Estimated values are not a substitute for professional expertise. Contact your REALTOR® for a market assessment.



**Are you the owner of 466 Vista Dr?**
Learn how to maximize your home value.

Track Your Home

# Similar Homes For Sale

Comparison of 466 Vista Dr, Pocatello, ID 83201 with Nearby Homes:







**$419,900**

5 bd, 5 ba, 3,600 sq ft
2049 Sunrise Way

- Similar priced
⬇ 103 sq ft smaller
⬇ Smaller lot
⬇ 3 years older

**$359,995**

5 bd, 4 ba, 3,400 sq ft
1420 Kelsea Pl

⬇ 13% less expensive
⬇ 303 sq ft smaller
⬇ Smaller lot
⬇ 5 years older

**$360,000**

5 bd, 4 ba, 3,304 sq ft
2530 Marilyn St

⬇ 13% less expensive
⬇ 399 sq ft smaller
⬇ Smaller lot
⬇ 10 years older

 Interested in any of these homes? Have a local agent show you around.    Contact Agent

 # Homes around Vista Dr

 # Property History

This property was sold once in the last 12 years.

Today        **Estimated at $370,400**

Jan 24, 2019    ◯    **Relisted for $428,900**

Sep 19, 2018    ⊕    **Listed for $428,900**

Listing presented by Gail Bishard, Realtor with Bishard Realty

Aug 22, 2018    ◯    **Price Changed to $430,000**

Aug 22, 2018    ⊕    **Listed for $430,000**

Listing presented by Tracy Bixby with Idaho Homeland Real Estate

Jul 20, 2018    ◯    **Relisted for $450,000**

Apr 16, 2018    ⊕    **Listed for $450,000**

Listing presented by AnaJulia Bixby with Idaho Homeland Real Estate

Nov 14, 2016    ◯    **Price Changed to $379,900**

Nov 3, 2016    ⊕    **Price Changed to $379,900**

Sep 20, 2016    ⊕    **Price Changed to $382,900**

May 3, 2016    ⊕    **Listed for $399,900**

4/30/2020                          466 Vista Dr, Pocatello, ID 83201 - realtor.com®

Listing presented by Gail Bishard, Realtor with Bishard Realty

Jul 7, 2014           **Listed for $425,000**

Listing presented by Billy Satterfield with **RE/MAX COUNTRY REAL ESTATE**

May 7, 2008      ◯      **Sold**

History data displayed is obtained from public records and/or MLS feeds from the local jurisdiction. Contact your REALTOR® directly in order to obtain latest information.

## Property Details

| Status | Price/Sq Ft | Type | Built |
|---|---|---|---|
| **Off Market** | **$100** | **Single Family Home** | **2009** |

### Public Records

- House size: 2,409 sq ft
- Stories: 0
- Lot size: 19822
- Heating: Forced Air
- Year built: 2009
- Property type: Single family
- Date updated: 03/14/2020

[ Request a FREE Analysis ]

## Nearby Schools

| Rating* | School Name |
|---|---|
| 5 | Greenacres Elementary School |

| Rating* | School Name |
|---------|-------------|
| 8 | Franklin Middle School |

See More ⌄

*  School data provided by National Center for Education Statistics, Pitney Bowes, and GreatSchools. Intended for reference only. The GreatSchools Rating is based on a variety of school quality indicators, including test scores, college readiness, and equity data. To verify enrollment eligibility, contact the school or district directly.

# Neighborhood

Sponsored by moving.com

466 Vista Dr is located in the city of Pocatello, ID.

| $199,900 | 59 | $101 |
|----------|-----|------|
| Median Listing Price | Median Days on Market | Price Per Sq Ft |

Request a FREE Analysis

## Explore The Neighborhood


there's something missing
between you and your mattress
Your perfect deep sleep temperature. Invest in your wellbeing with Chili.
SAVE NOW

## Price & Tax History

### Property Price

| Date | Event | Price |
|------|-------|-------|
| Today | Estimated | $370,400 |
| 01/24/2019 | Relisted | $428,900 |
| 09/19/2018 | Listed | $428,900 |
| 08/22/2018 | Price Changed | $430,000 |
| | Listed | |

See More ⌄

### Property Tax

| Year | Taxes | Total Assessment |
|------|-------|------------------|
| 2018 | $5,351 | $342,631 |
| 2017 | $5,310 | $342,631 |
| 2016 | $5,378 | $342,631 |
| 2015 | $5,545 | $342,631 |
| | $5,514 | $342,631 |

See More ⌄

About History & Taxes Data

The price and tax history data displayed is obtained from public records and/or MLS feeds from the local jurisdiction. Contact your REALTOR® directly in order to obtain the most up-to-date information available.

## Recently Sold Homes Near 466 Vista Dr



928 Willow Ave, Pocatello, ID 83201

2620 Sonoma St, Pocatello, ID 83201

95-99 Toponce Dr, Pocatel

Price Not Available

Price Not Available

Price Not Available

928 Willow Ave, Pocatello, ID 83201
4 bd • 4 ba • 2,112 sq ft

2620 Sonoma St, Pocatello, ID 83201
5 bd • 3+ ba • 2,916 sq ft

95-99 Toponce Dr, Pocatell
6 bd • 2 ba • 3,184 sq ft

View all

## $ Nearby Home Values

| Address | Estimate | Bed | Bath |
|---|---|---|---|
| Homes near 83201 | $ | | |
| This Home | Est. $370,400 | 4 | 3+ |
| 9163 W Pocatello Creek Rd | $411,500 | N/A | 4 |
| 2262 Sienna Dr | $309,400 | N/A | 4 |
| 421 Vista Dr | $359,100 | N/A | 5 |
| 9895 W Clifford Dr | $458,200 | N/A | 4 |
| 370 Via Venitio Dr | $321,300 | 4 | 2 |

See More ⌄

there's something
missing between you
and your mattress
Your perfect deep sleep
temperature. Invest in yo
wellbeing with Chili

SAVE NOW

# What is Your Home Worth?



> 👤 Your Name

> ✉️ Email

> 📞 Phone

> Looking to sell in …      ▼

> Request a FREE Analysis

By proceeding, you consent to receive calls and texts at the number you provided, including marketing by autodialer and prerecorded and artificial voice, and email, from realtor.com and others about your inquiry and other home-related matters, but not as a condition of any purchase. More…

## Homes Around $370,400



New ❤️      New ❤️      Pending

350 La Montagna Strada, Pocatello, ID 83201    3366 Summit Dr, Pocatello, ID 83201    330 S 7th Ave, Poca… ❯

$350,000      $420,000      $299,000

350 La Montagna Strada      3366 Summit Dr      330 S 7th Ave

6 bd • 3 ba • 3,402 sq ft    4 bd • 3+ ba • 3,953 sq ft    3 bd • 2 ba • 3,794 sq ft

Homes near 466 Vista Dr have a median list price of $359,000 and a median price per square foot of $106.

## Nearby Homes with Pools around 83201



New ❤️      ❤️

3615 Mc Caleb Ave, Pocatello, ID 83201    7875 N Prospector Hollow Ln, Pocatello, ID 83201    4976 W Buckskin Rd, Poca… 83201

4/30/2020                                          466 Vista Dr, Pocatello, ID 83201 - realtor.com®

$700,000                          $975,000                          $1,300,000

### 3615 McCaleb Ave
4 bd • 3+ ba • 7,824 sq ft

### 7875 N Prospector Hollow Ln
5 bd • 4+ ba • 5,400 sq ft

### 4976 W Buckskin Rd
6 bd • 5+ ba • 8,715 sq ft

There are 3 homes with pools near 466 Vista Dr.

## Additional Information About 466 Vista Dr, Pocatello, ID 83201

Are you hunting for property records for the home located at 466 Vista Dr, Pocatello, ID 83201? If so, we can help you easily find crucial details for the property as well as other Pocatello property records, Idaho public records, and other vital real estate details that can help you simplify the moving process. At this moment the home at 466 Vista Dr is not currently for sale but we have other equally lovely

See More ∨

## Nearby Cities

Chubbuck Real Estate
Blackfoot Real Estate
Idaho Falls Real Estate
Inkom Real Estate
Boise Real Estate
See More ∨

ABOUT US              CAREERS              FEEDBACK              MEDIA ROOM

AD CHOICES              ADVERTISE WITH US              AGENT SUPPORT

PRIVACY / WEBSITE TERMS OF USE              SITEMAP

DO NOT SELL MY PERSONAL INFORMATION

©1995-2020 National Association of REALTORS® and Move, Inc. All rights reserved.
realtor.com® is the official site of the National Association of REALTORS® and is operated by Move, Inc., a subsidiary of News Corp.