Daniel C. Green (ISB No.3213)
RACINE OLSON, PLLP
201 E. Center Street
P.O. Box 1391
Pocatello, Idaho 83204
Phone: (208) 232-6101
Fax: (208) 232-6109
dan@racineolson.com

*Attorney for Creditor, Phillip L. Quayle*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| In re: | Case No. 19-40782-JDP |
|---|---|
| JONATHAN PEIRSOL, | (Chapter 11) |
| Debtor. | |

## PHILLIP QUAYLE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND NOTICE

Phillip Quayle ("Quayle") by and through his undersigned counsel, and pursuant to 11 U.S.C. §§ 361 and 362, Bankruptcy Rules 4001, 9013 and/or 9014, and Local Bankruptcy Rule 4001.2, hereby moves the Court for its Order granting Quayle relief from the automatic stay of 11 U.S.C. § 362(a) to permit Quayle to collect amounts owed by Jonathan Peirsol (the "Debtor") under a non-dischargeable restitution obligation.  In support of this Motion for Relief from Stay (the "Motion"), Quayle respectfully represents as follows:

## FACTUAL BACKGROUND

1.      On July 9, 2019, the Nevada District Court entered a Judgment finding the Debtor guilty of theft and sentencing him to five years probation.  In addition, the Debtor was required to comply with the conditions of probation, including the payment of criminal restitution of

$75,000.00 to Quayle, payments to be made on a monthly basis.  A true and correct copy of the Court's Minutes, Request for Restitution, Guilty Plea Agreement, and Amended Indictment are attached hereto as **Exhibits A, B, C and D respectively**.

2.       The Debtor filed his voluntary petition under chapter 11 of the bankruptcy code on August 16, 2019 (the "Petition Date").

3.       On November 7, 2019, Quayle filed a proof of claim in the amount of $75,000.00 (Claim No. 11-1).

4.       On May 27, 2020, the Court entered an order converting the chapter 11 case to a chapter 7 case (Dkt. 97).

5.       Criminal restitution payments are non-dischargeable under 11 U.S.C. § 523(a)(7). *See, Kelly v. Robinson*, 479 U.S. 36 (1986) and *State Bar of Cal. v. Taggart (In re Taggart)*, 249 F.3d 987, 994 (9th Cir. 2001) ("acknowledging that the supreme court has held that section 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence.")

6.       Quayle has received no payments from the Debtor under the restitution order.

7.       Quayle is entitled to stay relief "for cause" under 11 U.S.C. § 362(d)(1) to collect the amount owed under the restitution order from non-bankruptcy estate property under applicable state law.

8.       Quayle also moves for immediate stay relief with a stay of the order pursuant to Rule 4001(a)(3).

WHEREFORE, Quayle moves the Court for entry of an order terminating the automatic stay by reason of 11 U.S.C. § 362(a) to permit Quayle to exercise his legal rights and remedies to collect the amount owed under the non-dischargeable judgment.

DATED this 1st day of July, 2020.

RACINE OLSON, PLLP


By: /s/ Daniel C. Green
        DANIEL C. GREEN

## RULE 4001.2 NOTICE

1.     Pursuant to Rule 4001.2 of the Local Bankruptcy Rules, and subject to FED. R. BANKR. P. 9006, any party in interest opposing the motion must file and serve an objection thereto <u>not later than seventeen (17) days after the date of service of the motion</u>.  The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion.  **<u>Absent the filing of a timely objection, the court may grant the relief sought without a hearing</u>**.  As set forth in Rule 4001.2(d)(3), if an objection is filed to this motion, the objection must be served upon the movant and upon all parties receiving service of the motion.  In accordance with Rule 4001.2(e)(1), a party opposing the motion shall contact the court's calendar clerk to schedule a preliminary hearing.  At the time of filing the objection to a motion, the objecting party shall file and serve a notice of such hearing.

B.     In addition, pursuant to Rule 4001.2 of the Local Bankruptcy Rules and 11 U.S.C. § 362(e):

> Thirty days after a request under subsection (d) of this section [362] for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

DATED this 1st day of July, 2020.

RACINE OLSON, PLLP


By: /s/ Daniel C. Green
     DANIEL C. GREEN

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 1st day of July, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Romeo Kade Beorchia
rkb@magicvalleylaw.com

Lesley Bohleber
ecfidb@aldridgepite.com
llueke@ecf.courtdrive.com

Gary L Rainsdon
trustee@filertel.com
id12@ecfcbis.com
lori@filertel.com
cblackburn@filertel.com
jhancock@filertel.com

John T Morgan
john.t.morgan@usdoj.gov

Jason Ronald Naess
jason@pmt.org

Aaron J Tolson
ajt@aaronjtolsonlaw.com

US Trustee
ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants via U.S. Mail, First-Class, postage prepaid and addressed as follows:

Jonathon Peirsol
466 Vista
Pocatello, ID 83201

/s/ Daniel C. Green
DANIEL C. GREEN

# EXHIBIT A

C-17-325625-2                               **DISTRICT COURT**
                                          **CLARK COUNTY, NEVADA**

| Felony/Gross Misdemeanor | **COURT MINUTES** | July 09, 2019 |

| C-17-325625-2 | State of Nevada |
| | vs |
| | Jonathan Peirsol |

| July 09, 2019 | 08:30 AM | Sentencing |

**HEARD BY:** Villani, Michael             **COURTROOM:** RJC Courtroom 11A

**COURT CLERK:** Black, Olivia

**RECORDER:** Georgilas, Cynthia

**REPORTER:**

**PARTIES PRESENT:**

| Jack E. Buchanan | **Attorney for Defendant** |
| Jonathan Ryan Peirsol | **Defendant** |
| State of Nevada | **Plaintiff** |
| Stephanie M. Getler | **Attorney for Plaintiff** |

**JOURNAL ENTRIES**

DEFT PEIRSOL ADJUDGED GUILTY of THEFT (F). State submitted. Argument by Mr.
Buchanan. CONFERENCE AT BENCH. Victim Speaker, Phillp Qualye SWORN and
TESTIFIED. Pursuant to NRS 176.063, COURT ORDERED, in addition to the $25.00
Administrative Assessment fee, a $150.00 DNA Analysis fee, including testing to determine
genetic markers, Restitution of $92,500.00 payable to Lisa Ashby and $75,000.00 payable to
Phillip Qualye Joint and Severally with Co- Defendant, Extradition cost of $1,781.80 and $3.00
DNA Collection fee; Deft. SENTENCED to a MAXIMUM of SIXTY (60) MONTHS and a
MINIMUM of TWENTY-FOUR (24) MONTHS in the Nevada Department of Corrections (NDC)
with ONE HUNDRED SIXTY-SEVEN (167) DAYS credit for time served, SUSPENDED;
placed on PROBATION for an indeterminate period not to exceed FIVE (5) YEARS. In
addition to the standard conditions and rules of probation, Deft must comply with the following
SPECIAL CONDITIONS:

1. Comply with an imposed curfew by Parole and Probation (P&P) as deemed necessary.
2. Provide P & P with a full and complete financial disclosure; Include personal and business
tax returns.
3. If Defendant is not employed at least thirty (30) hours per week; he shall (1) participate in a
job search program; and (2) complete fifteen (15) hours of community service work each
month of probation
4. You shall submit your digital storage media or any digital storage media that you have
access or use, including computers, handheld communication device and any network
applications associated with those devices, including social media and remote storage
services to a search and shall provide all passwords, unlock codes and account information
associated with those items, with or without a search warrant, by the Division of Parole and
Probation or its agents.
5. Pay Restitution; $75,000.00 to Phillip Qualye and $92,500 to Lisa Ashby; make monthly
payments.
6. Have no contact whatsoever with Mr. Harris.
7. Have no contact whatsoever with the victim or the victim's family.

| Printed Date: 7/10/2019 | Page 1 of 2 | Minutes Date: | July 09, 2019 |

**Prepared by: Olivia Black**

C-17-325625-2

COURT ORDERED, Deft. to report to P & P immediately upon leaving court; Interstate
Compact permitted.  BOND, if any, EXONERATED.

NIC

# EXHIBIT B



**CLARK COUNTY**
# OFFICE OF THE DISTRICT ATTORNEY
*Criminal Division*

**STEVEN B. WOLFSON**
District Attorney

200 Lewis Avenue • Las Vegas, NV 89101 • 702-671-2500 • Fax: 702-455-2294 • TDD: 702-385-7486

| MARY-ANNE MILLER | CHRISTOPHER LALLI | ROBERT DASKAS | JEFFREY J. WITTHUN | BRIGID J. DUFFY |
|---|---|---|---|---|
| *County Counsel* | *Assistant District Attorney* | *Assistant District Attorney* | *Director D.A. Family Support* | *Director D.A. Juvenile* |

*Restitution Requests will **NOT** be considered
Without Backup Documentation....*
***NO Exceptions.***
*Office Number (702) 671-2525 or Fax Directly to (702) 455-5101*

## REQUEST FOR RESTITUTION
### (TO BE PAID BY DEFENDANT AS ORDERED BY THE COURT)

Date: _April 28, 2017_

Case #: _17-057618_     Defendant Name: _Peirsol, Jonathon Ryan_

Victim's Name: _Phillip L. Quayle_
Address: _PO Box 103 / 700 N. Pine St_
City, State, Zip: _Parker ID 83438_     Zip
Telephone(s): _(360) 929-9099_     Email: _quaylc319@aol.com_

If you incurred medical expenses or property damage/loss as a result of the crime, please provide this office with information to support your claim. COPIES of bills or estimates are recommended to support your claim. You may not request monies for pain and suffering and lost wages; **ONLY actual financial loss/out of pocket expenses.**

| | |
|---|---|
| Insurance Deductible | $ _____ |
| Medical Insurance Co-pays | $ _____ |
| Medical bills (hospital, Doctor, etc) | $ _____ |
| Property Damage/Loss | $ _____ |
| Other  (please explain) | $ _75,000.00 Financial Loss_ |

I am requesting restitution in the TOTAL AMOUNT OF $ _75,000.00_

Signature _[signature]_          **Please return immediately.**

# EXHIBIT C

# ● ORIGINAL ●

GPA
STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565
KAREN MISHLER
Deputy District Attorney
Nevada Bar #013730
200 Lewis Avenue
Las Vegas, NV 89155-2212
(702) 671-2500
Attorney for Plaintiff

FILED IN OPEN COURT
STEVEN D. GRIERSON
CLERK OF THE COURT

MAR 2 6 2019

BY. *April Watkins*
APRIL WATKINS, DEPUTY

## DISTRICT COURT
## CLARK COUNTY, NEVADA

C-17-325625-2
GPA
Guilty Plea Agreement
4826622

THE STATE OF NEVADA,

            Plaintiff,

   -vs-

JONATHAN RYAN PEIRSOL,
#7056164

            Defendant.

CASE NO:    C-17-325625-2

DEPT NO:    XVII

## GUILTY PLEA AGREEMENT

    I hereby agree to plead guilty, pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970),
to: **THEFT (Category C Felony - NRS 205.0832, 205.0835.3 - NOC 55989)**, as more fully
alleged in the charging document attached hereto as Exhibit "1".

    My decision to plead guilty by way of the <u>Alford</u> decision is based upon the plea
agreement in this case which is as follows:

    Both parties stipulate to jointly recommend probation for a term not to exceed five (5)
years, with a suspended sentence of twenty-four (24) to sixty (60) months. I agree to pay full
restitution jointly and severally with co-defendant Easton Harris, in the amount of $75,000.00
to Phillip Quayle and $92,500.00 to Lisa Ashby. I also agree not to seek any diversionary
programs.

    I agree to the forfeiture of any and all weapons or any interest in any weapons seized
and/or impounded in connection with the instant case and/or any other case negotiated in
whole or in part in conjunction with this plea agreement.

1       I understand and agree that, if I fail to interview with the Department of Parole and

2   Probation (P&P), fail to appear at any subsequent hearings in this case, or an independent

3   magistrate, by affidavit review, confirms probable cause against me for new criminal charges

4   including reckless driving or DUI, but excluding minor traffic violations, the State will have

5   the unqualified right to argue for any legal sentence and term of confinement allowable for the

6   crime(s) to which I am pleading guilty, including the use of any prior convictions I may have

7   to increase my sentence as an habitual criminal to five (5) to twenty (20) years, Life without

8   the possibility of parole, Life with the possibility of parole after ten (10) years, or a definite

9   twenty-five (25) year term with the possibility of parole after ten (10) years.

10      Otherwise I am entitled to receive the benefits of these negotiations as stated in this

11  plea agreement.

12                                <u>CONSEQUENCES OF THE PLEA</u>

13      By pleading guilty pursuant to the <u>Alford</u> decision, it is my desire to avoid the

14  possibility of being convicted of more offenses or of a greater offense if I were to proceed to

15  trial on the original charge(s) and of also receiving a greater penalty.  I understand that my

16  decision to plead guilty by way of the <u>Alford</u> decision does not require me to admit guilt, but

17  is based upon my belief that the State would present sufficient evidence at trial that a jury

18  would return a verdict of guilty of a greater offense or of more offenses than that to which I

19  am pleading guilty.

20      I understand that by pleading guilty I admit the facts which support all the elements of

21  the offense(s) to which I now plead as set forth in Exhibit "1".

22      I understand that as a consequence of my plea of guilty by way of the Alford decision

23  The Court must sentence me to imprisonment in the Nevada Department of Corrections for a

24  minimum term of not less than one (1) year and a maximum term of not more than five (5)

25  years.  The minimum term of imprisonment may not exceed forty percent (40%) of the

26  maximum term of imprisonment.  I understand that I may also be fined up to $10,000.00. I

27  understand that the law requires me to pay an Administrative Assessment Fee.

28  //

W:\2017\2017F05761\17F05761-GPA-(PEIRSOL__JONATHAN)-001.DOCX

1    I understand that, if appropriate, I will be ordered to make restitution to the victim of

2    the offense(s) to which I am pleading guilty and to the victim of any related offense which is

3    being dismissed or not prosecuted pursuant to this agreement. I will also be ordered to

4    reimburse the State of Nevada for any expenses related to my extradition, if any.

5    I understand that I am eligible for probation for the offense to which I am pleading

6    guilty. I understand that, except as otherwise provided by statute, the question of whether I

7    receive probation is in the discretion of the sentencing judge.

8    I understand that I must submit to blood and/or saliva tests under the Direction of the

9    Division of Parole and Probation to determine genetic markers and/or secretor status.

10    I understand that if I am pleading guilty to charges of Burglary, Invasion of the Home,

11    Possession of a Controlled Substance with Intent to Sell, Sale of a Controlled Substance, or

12    Gaming Crimes, for which I have prior felony conviction(s), I will not be eligible for probation

13    and may receive a higher sentencing range.

14    I understand that if more than one sentence of imprisonment is imposed and I am

15    eligible to serve the sentences concurrently, the sentencing judge has the discretion to order

16    the sentences served concurrently or consecutively.

17    I understand that information regarding charges not filed, dismissed charges, or charges

18    to be dismissed pursuant to this agreement may be considered by the judge at sentencing.

19    I have not been promised or guaranteed any particular sentence by anyone. I know that

20    my sentence is to be determined by the Court within the limits prescribed by statute.

21    I understand that if my attorney or the State of Nevada or both recommend any specific

22    punishment to the Court, the Court is not obligated to accept the recommendation.

23    I understand that if the offense(s) to which I am pleading guilty was committed while I

24    was incarcerated on another charge or while I was on probation or parole that I am not eligible

25    for credit for time served toward the instant offense(s).

26    I understand that if I am not a United States citizen, any criminal conviction will likely

27    result in serious negative immigration consequences including but not limited to:

28    //

3

1.   The removal from the United States through deportation;

2.   An inability to reenter the United States;

3.   The inability to gain United States citizenship or legal residency;

4.   An inability to renew and/or retain any legal residency status; and/or

5.   An indeterminate term of confinement, with the United States Federal Government based on my conviction and immigration status.

Regardless of what I have been told by any attorney, no one can promise me that this conviction will not result in negative immigration consequences and/or impact my ability to become a United States citizen and/or a legal resident.

I understand that P&P will prepare a report for the sentencing judge prior to sentencing. This report will include matters relevant to the issue of sentencing, including my criminal history. This report may contain hearsay information regarding my background and criminal history. My attorney and I will each have the opportunity to comment on the information contained in the report at the time of sentencing. Unless the District Attorney has specifically agreed otherwise, then the District Attorney may also comment on this report.

## WAIVER OF RIGHTS

By entering my plea of guilty, I understand that I am waiving and forever giving up the following rights and privileges:

1.   The constitutional privilege against self-incrimination, including the right to refuse to testify at trial, in which event the prosecution would not be allowed to comment to the jury about my refusal to testify.

2.   The constitutional right to a speedy and public trial by an impartial jury, free of excessive pretrial publicity prejudicial to the defense, at which trial I would be entitled to the assistance of an attorney, either appointed or retained.   At trial the State would bear the burden of proving beyond a reasonable doubt each element of the offense(s) charged.

3.   The constitutional right to confront and cross-examine any witnesses who would testify against me.

4.   The constitutional right to subpoena witnesses to testify on my behalf.

5.   The constitutional right to testify in my own defense.

//

4

6.    The right to appeal the conviction with the assistance of an attorney, either appointed or retained, unless specifically reserved in writing and agreed upon as provided in NRS 174.035(3). I understand this means I am unconditionally waiving my right to a direct appeal of this conviction, including any challenge based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings as stated in NRS 177.015(4). However, I remain free to challenge my conviction through other post-conviction remedies including a habeas corpus petition pursuant to NRS Chapter 34.

### VOLUNTARINESS OF PLEA

I have discussed the elements of all of the original charge(s) against me with my attorney and I understand the nature of the charge(s) against me.

I understand that the State would have to prove each element of the charge(s) against me at trial.

I have discussed with my attorney any possible defenses, defense strategies and circumstances which might be in my favor.

All of the foregoing elements, consequences, rights, and waiver of rights have been thoroughly explained to me by my attorney.

I believe that pleading guilty and accepting this plea bargain is in my best interest, and that a trial would be contrary to my best interest.

I am signing this agreement voluntarily, after consultation with my attorney, and I am not acting under duress or coercion or by virtue of any promises of leniency, except for those set forth in this agreement.

I am not now under the influence of any intoxicating liquor, a controlled substance or other drug which would in any manner impair my ability to comprehend or understand this agreement or the proceedings surrounding my entry of this plea.

//
//
//
//
//

5

W:\2017\2017F\057\61\17F05761-GPA-(PEIRSOL__JONATHAN)-001.DOCX

1    My attorney has answered all my questions regarding this guilty plea agreement and its

2    consequences to my satisfaction and I am satisfied with the services provided by my attorney.

3    DATED this __26__ day of March, 2019.

4

5    _____

6    JONATHAN RYAN PEIRSOL
     Defendant

7    AGREED TO BY:

8

9

10   _____
     KAREN MISHLER
     Deputy District Attorney
11   Nevada Bar #013730

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

W:\2017\2017F\057\61\17F05761-GPA-(PEIRSOL__JONATHAN)-001.DOCX

1  CERTIFICATE OF COUNSEL:

2      I, the undersigned, as the attorney for the Defendant named herein and as an officer of the court
hereby certify that:

3

4      1.   I have fully explained to the Defendant the allegations contained in the
            charge(s) to which Alford pleas are being entered.

5      2.   I have advised the Defendant of the penalties for each charge and the restitution
            that the Defendant may be ordered to pay.

6

7      3.   I have inquired of Defendant facts concerning Defendant's immigration status
            and explained to Defendant that if Defendant is not a United States citizen any
            criminal conviction will most likely result in serious negative immigration

8           consequences including but not limited to:

9           a.   The removal from the United States through deportation;

10          b.   An inability to reenter the United States;

11          c.   The inability to gain United States citizenship or legal residency;

12          d.   An inability to renew and/or retain any legal residency status; and/or

13          e.   An indeterminate term of confinement, by with United States Federal
                 Government based on the conviction and immigration status.

14

15          Moreover, I have explained that regardless of what Defendant may have been
            told by any attorney, no one can promise Defendant that this conviction will not
            result in negative immigration consequences and/or impact Defendant's ability

16          to become a United States citizen and/or legal resident.

17     4.   All pleas of Alford offered by the Defendant pursuant to this agreement are
            consistent with the facts known to me and are made with my advice to the

18          Defendant.

19     5.   To the best of my knowledge and belief, the Defendant:

20          a.   Is competent and understands the charges and the consequences of
                 pleading Alford as provided in this agreement,

21

22          b.   Executed this agreement and will enter all Alford pleas pursuant hereto
                 voluntarily, and

23          c.   Was not under the influence of intoxicating liquor, a controlled
                 substance or other drug at the time I consulted with the Defendant as

24               certified in paragraphs 1 and 2 above.

25  Dated: This _26th_ day of March, 2019.

26

27                                        JACK BUCHANAN, ESQ.

28  17F05761B/mc/FDD

                           7
                           W:\2017\2017F\05761\17F05761-GPA-(PEIRSOL__JONATHAN)-001.DOCX

# EXHIBIT D

1   **AIND**
    STEVEN B. WOLFSON
2   Clark County District Attorney
    Nevada Bar #001565
3   KAREN MISHLER
    Chief Deputy District Attorney
4   Nevada Bar #013730
    200 Lewis Avenue
5   Las Vegas, Nevada 89155-2212
    (702) 671-2500
6   Attorney for Plaintiff

7                           DISTRICT COURT
                       CLARK COUNTY, NEVADA
8

9   THE STATE OF NEVADA,

10                      Plaintiff,

                                        CASE NO.   C-17-325625-2
11          -vs-
                                        DEPT NO.   XVII
12  JONATHAN RYAN PEIRSOL,
    #7056164                               A M E N D E D
13                                        I N D I C T M E N T

14                      Defendant.

15  STATE OF NEVADA      )
                         ) ss:
16  COUNTY OF CLARK      )

17          The Defendant(s) above named, JONATHAN RYAN PEIRSOL, is accused by the

18  Clark County Grand Jury of the crime of THEFT (Category C Felony - NRS 205.0832,

19  205.0835.3 - NOC 55989), committed at and within the County of Clark, State of Nevada, on

20  or between April 1, 2015 and September 26, 2015, as follows: did willfully, knowingly,

21  feloniously, and without lawful authority, obtain lawful money of the United States in the

22  amount of $650.00 or more, belonging to PHILLIP QUAYLE, by a material misrepresentation

23  with intent to deprive that person of the property, in the following manner, to wit: by making

24  material misrepresentations regarding the license status and/or investor status and/or business

25  structure and/or other business related details of Sin City Organics, LLC to the said PHILLIP

26  QUAYLE, said misrepresentations made to induce PHILLIP QUAYLE into depositing

27  $75,000.00 into the a bank account belonging to Defendant JONATHAN RYAN PEIRSOL

28  and/or J & J Chemical, said monies to be used to further the business of Sin City Organics,



*EXHIBIT "1"*

W:\2017\2017F\057\61\17F05761-AIND-(Peirsol__Jonathan)-001.docx

1   LLC, said monies not being using for that purpose, Defendant's actions resulting in a loss of

2   $75,000.00 to the said PHILLIP QUAYLE, the Defendant being criminally liable under one

3   or more of the following principles of criminal liability, to wit: (1) by directly committing this

4   crime; and/or (2) by aiding or abetting in the commission of this crime, with the intent that this

5   crime be committed, by counseling, encouraging, hiring, commanding, inducing and/or

6   otherwise procuring the other to commit the crime; and/or (3) pursuant to a conspiracy to

7   commit this crime, with the intent that this crime be committed, Defendant aiding or abetting

8   and/or conspiring in the following manner, to wit: by entering into a course of conduct

9   whereby Defendant made material misrepresentations to PHILLIP QUAYLE in order to

10  induce PHILLIP QUAYLE into depositing $75,000.00 into the a bank account belonging to

11  Defendant JONATHAN RYAN PEIRSOL and/or J & J Chemical, Defendants acting in

12  concert throughout and/or by making material misrepresentations regarding the license status

13  and/or investor status and/or business structure and/or other business related details of Sin City

14  Organics, LLC to the said LISA ASHBY, said misrepresentations made to induce LISA

15  ASHBY into depositing $92,500.00 into the a bank account belonging to Defendant EASTON

16  K. HARRIS and/or The Harris Law Firm, said monies to be used to further the business of Sin

17  City Organics, LLC, said monies not being using for that purpose, Defendant's actions

18  resulting in a loss of $92,500.00 to the said LISA ASHBY, the Defendant being criminally

19  liable under one or more of the following principles of criminal liability, to wit: (1) by directly

20  committing this crime; and/or (2) by aiding or abetting in the commission of this crime, with

21  the intent that this crime be committed, by counseling, encouraging, hiring, commanding,

22  inducing and/or otherwise procuring the other to commit the crime; and/or (3) pursuant to a

23  conspiracy to commit this crime, with the intent that this crime be committed, Defendants

24  aiding or abetting and/or conspiring in the following manner, to wit: by entering into a course

25  of conduct whereby Defendants made material misrepresentations to LISA ASHBY in order

26  //

27  //

28  //

2

1  to induce LISA ASHBY into depositing $92,500.00 into the a bank account belonging to

2  Defendant EASTON K. HARRIS and/or The Harris Law Firm, Defendants acting in concert

3  throughout.

4                                                    STEVEN B. WOLFSON
                                                     Clark County District Attorney
5                                                    Nevada Bar #001565

6                                              BY    *[signature]*

7                                                    KAREN MISHLER
                                                     Chief Deputy District Attorney
8                                                    Nevada Bar #013730

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  16BGJ205B/17F05761B/mc-GJ
    LVMPD EV# 1604112256; 1401301510
28  (TK7)

                                                3

                                    W:\2017\2017F\05761\17F05761-AIND-(PEIRSOL,_JONATHAN)-001.DOCX